[Kimbrell v. Louisville & Nashville Railroad Company.]

force at the time prescribing when "shooting" in the mine should be done.

The application for rehearing is denied. All the Justices concur in the conclusion and in the result.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur in the entire opinion. MAYFIELD and SAYRE, JJ., hold that, under the authority of *Lambie's Case*, 118 Ala. 427, 24 South. 108, the contract testified to by the plaintiffs was one of employment merely, and subject to termination at the will of the parties; and hence was not breached by the acts described in the complaint or the evidence.

# Kimbrell *v.* Louisville & Nashville Railroad Company.

*Damages for Ejection from Train.*

(Decided December 17, 1914. 67 South. 586.)

1. *Carriers; Charges; Order of Commission.*—Where the railroad commission made an order relative to passenger rates, indicating that it applied to all railroads, but naming several roads specifically, such order will be construed to apply to a road not specifically named, since to construe it otherwise might render it void as a discrimination.

2. *Same; Extra Fares.*—An order of the railroad commission authorizing an extra charge of 15 cents to a passenger getting on at a ticket station where no ticket is purchased, is authorized by Acts 1907, p. 711, regardless of the provisions of section 5563, Code 1907.

3. *Statute; Title; Carrier's Rates.*—Because the subject matter of Acts 1907, p. 711, is broader than its title, if such be the fact, does not render it violative of section 45, Constitution 1901.

4. *Constitutional Law; Delegation of Legislative Power; Carrier's Rates.*—Acts 1907, p. 711, is not repugnant to the Constitution as an unauthorized delegation of the legislative power.

5. *Appeal and Error; Harmless Error; Pleading.*—It was harmless error to sustain demurrer to a second count of the complaint where such count is based on the existence of a fact which the jury deter-

[Kimbrell v. Louisville & Nashville Railroad Company.]

mined adversely to plaintiff in passing on the first count of the complaint.

6. *Same; Instructions.*—Where the verdict was for the defendant error in instructing as to the amount of damages is harmless.

7. *Carrier; Ejecting Passenger; Verdict; Several Issues.*—The rule that a verdict for a defendant under a simple negligence count does not acquit defendant of wilful or wanton misconduct charged in another count, is without application where one count in the complaint counted on a wrongful ejection of a passenger, and the other charged the same cause of action, with the addition of the words, "wilful and wanton," since such words added nothing to the cause of action in either count.

8. *Same; Attorney's Fees.*—Attorney's fees cannot be recovered as special damages in an action for wrongful ejection of a passenger.

9. *Pleading; Replication; Passenger Action.*—Where a carrier was entitled to demand an extra fare from a passenger without a ticket, boarding a train at a ticket station, and plaintiff had any excuse for not purchasing such a ticket, he should set it up by replication to the plea charging that he boarded the train without a ticket at a ticket station.

10. *Appeal and Error; Harmless Error; Pleading.*—The elimination of a special claim of attorney's fees as to special damages in an ejection action by a passenger, is harmless, where the jury found for defendant.

11. *Same; Review; Motion for New Trial.*—The action of the trial court in denying a motion for new trial will not be reviewed on appeal unless the verdict was manifestly against the weight of the evidence.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Nelson Kimbrell against the Louisville & Nashville Railroad Company, for damages for being ejected from a passenger train. Judgment for defendant, and plaintiff appeals. Affirmed.

The case made by the complaint is that the plaintiff took passage on one of defendant's passenger trains at Marvell to go and be carried as a passenger to Gurnee Junction, both of which were stations on defendant railway, and that, when they reached a point about three miles from plaintiff's destination, defendant's conductor in charge of the train wrongfully and unlawfully ejected plaintiff from the train, and he had to walk three miles in the nighttime, and it raining, to

reach his destination, wherefore he suffered the damages which are set out in extenso. Plea 3 sets up general order No. 14, issued by the railroad commission of the state of Alabama on March 2, 1908, "applicable to all common carriers in the state of Alabama," which order is set out in full, the second section of which is as follows: That, unless the passenger boards a train at a station where there is no ticket office, the carrier may charge and collect from such passenger 15 cents in addition to the price of the ticket at the agent's rate.

The inducement leading up to the order is as follows: By virtue of certain agreements heretofore made between the state of Alabama and the Southern Railway, the Alabama Great Southern Railroad, the Mobile & Ohio Railroad, the Northern Alabama Railroad, and the Atlantic Coast Line Railroad, wherein it is provided that, in consideration of concessions made to the above railroads in the passenger charges, the said railroads would, in the event of a lower charge being instituted in other states, establish and maintain a like charge in Alabama, and whereas certain of the above railroads have made known to the commission that they would on April 1, 1908, establish the charges named below in other states, and all of the above-named railroads made application for the promulgation of the necessary order to put in operation said rates for Alabama, it is therefore hereby ordered, etc.

The plea further alleges that Marvell was a ticket office station in charge of an agent for the sale of tickets to those desiring to take passage on defendant's train; and that the rate from Marvell to Gurnee Junction was 13 cents, and plaintiff did not purchase a ticket, but boarded the train without a ticket; that the conductor demanded the ticket which plaintiff failed or refused to give him, whereupon the conductor de-

manded of him the cash fare of 28 cents, the same being 13 cents for the regular fare and 15 cents additional as provided by said order, the said sum of 28 cents being the lawful and proper fare, which plaintiff refused to pay, whereupon the conductor in charge of the train ejected plaintiff therefrom using no more force than was necessary.

ESTES, JONES & WELCH, for appellant.

TILLMAN, BRADLEY & MORROW, for appellee.

ANDERSON, C. J.—(1) The defendant's special plea 3 set up an order of the railroad commission authorizing the collection of 15 cents extra from those boarding the train at ticket stations without tickets. It is first urged by the appellant that the order in question does not apply to or include this defendant. It may be true that the preamble of the order names certain lines and omits this one, but the order itself, beginning with paragraph 1, says, "That no carrier in Alabama," etc., indicating that it applies to all railroads, whether mentioned in the preamble or not. The order is not only susceptible of this construction, and which we should give it, else it might be an unwarranted discrimination against this and other roads not mentioned in the preamble.

(2-4) We also think that the commission had authority to make the order under the terms of the act of 1907 (page 711), regardless of section 5564 of the Code of 1907, which fixed the passenger rate. Nor do we think that the act in question violates section 45 of the Constitution of 1901, because broader and not comprehended within the title, as the title is sufficiently broad to cover the act and to authorize everything therein

enacted. Neither are we willing to hold that the act is repugnant to the Constitution as an unauthorized delegation of legislative authority.—*Railroad Com. of Ala. v. Northern Ala. R. R.,* 182 Ala. 357, 62 South. 749, and cases there cited. The tial court did not therefore err in overruling the plaintiff's demurrer to plea 3.

(5, 6) Since plea 3 was in and set up a good defense, there was but one issue between the parties; that is, whether or not the plaintiff tendered the fare covered by the plea, and, if he did, whether or not the conductor exacted of him a greater sum and caused him to get off the train for failing to pay said excess. There was but one theory upon which the plaintiff could recover under either count of the complaint, and that was that the conductor exacted of him 40 cents instead of 28 cents. The plaintiff admitted that he did not give or offer the conductor but 25 cents, which was insufficient, but claims that he was made to leave the train because he failed to pay an additional 15 cents, making 40 cents demanded of him by the conductor. Therefore the only theory upon which the plaintiff could recover upon either count was that he was wrongfully ejected because failing to pay 40 cents demanded of him by the conductor, and this issue was squarely submitted to the jury under the plaintiff's given charge 1, which instructed a finding for the plaintiff if the conductor demanded a 40 cents fare of the plaintiff. The jury found for the defendant, and the effect of which was that the conductor did not demand 40 cents of the plaintiff, as testified to by him and his witnesses, and, with this fact determined adversely to him by the jury, he could not recover under either count of the complaint, and, if there was error in sustaining the demurrer to the second count, it was error without injury, as the one fact necessary to sustain same was in-

volved in the first count, and which was submitted to the jury and found against the plaintiff. It is true that a verdict for a defendant under a simple negligence count does not, in all cases, acquit him of willful or wanton misconduct (*Ex parte McNeil*, 184 Ala. 420, 63 South. 993), yet as recognized in this case, supra, if the two counts present the identical issues of fact, the doctrine of error without injury could have application. In the case at bar the plaintiff could not, under the complaint and evidence, have recovered under the second count if not entitled to recover under the first one, as the gravamen of each of them was wrongfully ejecting the plaintiff because of a failure or refusal to pay 40 cents demanded of him by the defendant's conductor, and which said demand was never made according to the verdict of the jury. Moreover, the first and second counts were identical as to the plaintiff's cause of action, both being for the wrongful ejectment of the plaintiff, and the addition of the words "willful" or "wanton" in the second count did not change the gravamen of the action or enhance the measure of damages, as each count, without the words "willful" or "wanton," as added to the second count, were grounded upon a wrongful and intentional ejectment of the plaintiff, and which, if true, authorized punitive damages.

(7) Since the jury found that the plaintiff was not entitled to recover, any errors, if any there were upon the instructions as to the amount of damages, was error without injury.

(8) If the plaintiff had a legal excuse for not purchasing a ticket, the plea charging that he boarded the train at a ticket station, the same should have been set up by a special replication.

(9, 10) As to the special claim in the second count, as amended, for attorney's fees for bringing the suit by way of special damages, the elimination of same was innocuous to the plaintiff, as the jury found that he was not entitled to recover. We will add, however, that we know of no case in this jurisdiction authorizing the recovery of attorney's fees for bringing actions of this character, and the great weight of authority seems to be against the appellant's contention, as will be seen from an examination of the note to the case cited by appellant.—*United Power Co. v. Mathney,* 81 Ohio St. 204, 90 N. E. 154, 28 L. R. A. (N. S). 761.

(11) The trial court saw the witnesses and heard the evidence, and we are not prepared to say that the verdict of the jury was so manifestly opposed to the weight of the evidence as to warrant this court in reviewing the action of the trial court in denying the motion for a new trial.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738.

The judgment of the city court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.