# Hoffman, *et al. v.* Birmingham Railway, Light & Power Company.

### *Crossing Accident.*

(Decided May 15, 1915.   Rehearing denied June 30, 1915.
69 South. 551.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where there was no proof thereof, and the verdict could not have been predicated thereon, the overruling of demurrers to special pleas setting up subsequent or concurrent contributory negligence was harmless, if error.

2. *Same; Evidence.*—Where the motorman had testified that he was keeping such a lookout, the sustaining of the objection to the evidence by the motorman as to keeping a lookout, was harmless.

3. *Trial; Reception of Evidence; Generality.*—Where the action was for death by being struck by a street car, questions as to what a witness saw at the scene of the accident on the following morning were too general.

[Hoffman, et al. v. Birmingham Railway, L. & Power Co.]

4. *Appeal and Error; Harmless Error; Instructions.*—Where the court instructed, at defendant's request, that if, after a fair consideration of all the evidence the minds of the jury are left in a state of confusion as to whether or not plaintiffs are entitled to recover, the jury cannot find for plaintiff, the error was harmless, as it could have been explained by a counter charge, which it was the duty of plaintiff to request.

5. *Appeal and Error; Harmless Error; Instruction.*—Where plaintiff had gotten the full benefit thereof under another count which was practically the same, except that it was more favorable to plaintiff, the charging out of another count was harmless error.

6. *Same; Interrogatories.*—It was harmless error to refuse to require one witness to answer certain interrogatories propounded under section 4052, Code 1907, where the interrogatories had been answered by another agent of the defendant corporation, and the testimony of this witness had been used, and did not differ from that sought.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by George H. Hoffman and others, administrators, against the Birmingham Railway, Light & Power Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

The following is charge 3, given at the request of defendant: The court charges the jury that if, after a fair consideration of all the evidence, your minds are left in a state of confusion as to whether or not plaintiffs are entitled to recover, you cannot find for plaintiffs.

Charge 4: The court charges the jury that the burden of proof in this case is on plaintiffs to prove to the reasonable satisfaction of the jury, not only that plaintiffs' intestate was killed by a street car of defendant, but that the operatives of said street car actually discovered plaintiffs's intestate on or near defendant's track, in peril of being struck by said car, in time to have avoided striking him, and that thereafter the operatives of said street car negligently failed to use all the means at hand to avoid striking the intestate.

The following is the substance of count 2, referred to in the complaint: (2) After stating the character in

which plaintiffs sue, and the business of defendant, it is alleged that plaintiffs' intestate was in a place of danger upon or near defendant's track in Jefferson county, Ala., and defendant's agents or servants were at the time engaged in operating or running an electric car over defendant's said track, and plaintiffs aver that their intestate was upon or near said track, at said time, at said place, when said electric car was approaching said intestate, and said intestate was in danger. Plaintiffs aver that said danger of said intestate was seen or known at the time to defendant's servants or agents in charge or control of defendant's said electric car, but, notwithstanding such knowledge on their part, defendant's said servants or agents in charge or control of said car negligently permitted the same to run upon, over, or against plaintiff's intestate, and that the death of their said intestate was proximately the consequence of, and was caused by reason of, the negligence of defendant, its servants or agents, as aforesaid.

Count 3 was as follows: Plaintiffs, who sue as administrators of the estate of Leo H. Hoffman, deceased, claim of the defendant the sum of fifty thousand ($50,-000) dollars, for this: That heretofore, to wit, on the 16th day of August, 1912, the defendant was engaged in the following business in the state of Alabama, viz.: The operation of a street railway, and the running thereon of electric cars propelled by electricity, for the transportation of passengers for hire. That on, to wit, the above-named date, plaintiffs' intestate was in a place of danger upon or near defendant's street railway track at the following place, viz.: In a public street in the city of Birmingham, Jefferson county, Alabama, and the defendant's agents or servants were at the time engaged in operating or running an electric car over and along

said railway, and over and along said public street. And plaintiffs aver that their intestate was upon or near defendant's said track on said public street, and defendant's said electric car was approaching said intestate, and said intestate was in danger. And plaintiffs aver that the danger of said intestate was known at that time to the defendant's servants or agents in charge or control of defendant's said electric car; but, notwithstanding such knowledge on the part of the defendant's servants, the defendant's said servants or agents in charge or control of said electric car negligently permitted the same to run upon, over, or aginst the plaintiffs' intestate, thereby killing him. And plaintiffs aver that the death of their said intestate was the proximate consequence of, and was caused by reason of, the negligence of the defendant, its servants or agents, as aforesaid.

JAMES G. DAVIS, for appellants.

TILLMAN, BRADLEY & MORROW, for appellees.

The opinion of the court was delivered by Mr. Chief Justice ANDERSON, this cause having been submitted and decided under new rule 46 (65 South. vii).

(1) Whether or not the defendant's special pleas 3 and 4 were sufficient as to subsequent or concurrent contributory negligence on the part of the intestate we need not decide, as the overruling of the demurrer thereto was, if error, without injury to the plaintiff. There was absolutely no proof in support of same, and the verdict of the jury could not have possibly been predicated upon said pleas, as the only issue that was made by the proof was negligence vel non of the defendant's servants as charged in the complaint, and not the subsequent or

concurrent negligence of the deceased as set out in the said pleas.

(2) We cannot see the relevancy of the motorman's other duties, besides keeping a lookout, unless it would tend to show that he did, or did not, have an excuse at the time for not keeping a lookout; but the counts upon which this case was tried did not charge initial negligence, involving a failure to keep a lookout, and the only relevancy of whether he did keep a lookout was to create an inference that he actually discovered the deceased before striking him, and in time to avoid running over or against him; still there was no injury to the plaintiff in sustaining the objection to the question, as the motorman testified that he was keeping a lookout at the time and place of the injury.

The trial court committed no error in not letting the plaintiff prove that Middleton was a reckless motorman.

(3) The trial court will not be put in error for sustaining the objection to the plaintiff's question to witness Charlie Maddox as to what he saw there the next morning. The question was too general, and counsel should have, at least, stated what he desired or expected to show as to conditions the next morning.

(4) Charge 3, given at the request of the defendant, was held to be a good charge in the case of *Birmingham Ry., L. & P. Co. v. Saxon,* 179 Ala. 136, 59 South. 584, and its refusal was held to be reversible error. The *Saxon Case* was overruled by the case of *A. G. S. R. R. Co. v. Robinson,* 183 Ala. 165, 62 South. 813, in so far as it held that the refusal of the charge was reversible error, but we did not hold that the giving of such a charge would be reversible error; in fact, the question was left open when the charge used the word "confusion," and was condemned as to doubt and uncertain-

ty. We repeat that charge 3 could have well been re-
fused, and this court suggested in the *Robinson Case,*
*supra,* that it would be safer and better for trial courts
to refuse such a charge; but, as our suggestion has not
been heeded, we must now determine whether or not
the giving of this charge was reversible error. We now
hold that the charge was misleading, and could have
well been refused; but, as it could have been explained
by a countercharge, the giving of same was not rever-
sible error.

The defendant's given charge 4 simply required proof
to the reasonable satisfaction of the jury as to the ma-
terial averments of the complaint, and which the charge
hypothesized.

(5) Whether or not the trial court erred in giving
the general charge for the defendant as to count 3 mat-
ters not; for, if there was error, it was error without
injury, as the plaintiff got the full benefit of same un-
der count 2, which was practically the same as count
3, except, perhaps, the plaintiff had to prove less in
order to establish count 2 than count 3, and as the jury
found that count 2 was not established by the proof they
necessarily found that count 3 would not have been es-
tablished, had it remained in the case. The only prac-
tical difference between the two counts is that one places
the intestate as having been in or upon the street when
struck and the other does not. This would probably
be a material distinction, if the counts, or either of them,
proceeded upon simple initial negligence; but, as they
both charge negligence subsequent to a discovery of the
intestate's peril, the fact that he was or was not in a
street made no difference as to the liability under the
complaint, and the averment that he was, in count 3,
was not necessary even if the plaintiff assumed the bur-

den of proving this averment. The result is he had the same negligence to prove under count 3 as under count 2, but could recover upon proof of count 2, whether the intestate was in a street, or not and therefore got the full benefit of count 3 under count 2.—*Kimbrell v. L. & N. R. R. Co.,* 191 Ala. 392, 67 South. 586.

(6) The plaintiff filed interrogatories to the defendant, as authorized by section 4049 of the Code of 1907. Section 4052 provides that, when the party to whom the interrogatories are addressed is a corporation, the answers thereto must be made by such officer, agent, or servant of the corporation as may be cognizant of the facts. This means that the answers, when possible and practicable, should be made by the agent, officer, or servant who has a personal, first-hand knowledge of the facts elicited, as distinguished from one who has a second-hand knowledge. It is no doubt true that some of the questions were more properly answered by Culver; but most of them, especially those calling for the handling and operation of the car upon the occasion inquired about, should have been answered by Middleton, the motorman, who had a personal knowledge of the facts sought by the interrogatories, and the trial court was authorized to attach the servant Middleton, and cause him to answer in open court, or continue the case until the answers were made, as required by the statute, or to direct a judgment by default against the defendant.—Section 4055, Code 1907; *M. & O. R. R. Co. v. Seals,* 100 Ala. 368, 13 South. 917.

We are not prepared to hold, however, that the trial court committed reversible error in declining to compel an answer by Middleton. The questions had been answered by Culver, and which gave the plaintiff the information sought, and which said answers could have

been and were used by the plaintiff as evidence, and if they disclosed anything beneficial to the plaintiff the answers were evidence against the defendant. It also appears that the witness Middleton was present at the trial and was used by the defendant, and his testimony was not materially opposed to the answers made by the defendant through Culver. Had there been a material variance between the testimony of Middleton and the answers to the interrogatories, there could be some reason for holding that the plaintiff was injured in not having the answers of Middleton to use as a means of contradiction or impeachment of Middleton to his testimony not reconcilable with what should have been his sworn answer; but, as his testimony was not materially different from the answers, we do not see how the plaintiff was injured by having his interrogatories answered by Culver, instead of Middleton.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, and GARDNER, JJ., concur.