# Louisville & Nashville R. R. Co., *v.* Hubbard.

*Action for Injury to Stock.*

(Decided June 30, 1906. 41 So. Rep. 814.)

1. *Railroads; Highway Crossings; Repair; Duty of Railroad Company.*—When a railroad crosses a public highway the duty to keep the approaches and crossing in reasonable repair for the use of the public is on the railroad.

2. *Same; Projecting Spikes; Negligence.*—To permit an iron spike to protrude above the surface of the crossing in such a way as was likely to cause horses and persons to stumble or strike their feet, and become injured while using the crossing, constituted a breach of duty on the railroad to keep the crossing safe, and was negligence.

3. *Same; Pleadings; Causes of Action.*—A count in a complaint which alleges the negligent and sudden moving forward of a train without warning, frightening plaintiff's horse and causing him to strike a protruding spike, whereby he was injured, presents concurrent causes of injury, and is not subject to

[Louisville & Nashville R. R. Co., v. Hubbard.]

demurrer as joining two causes of action.

4. *Same; Contributory Negligence; Pleading.*—It is not necessary for the complaint to allege facts acquitting plaintiff of contributory negligence. That is defensive matter to be taken advantage of by plea.

5. *Same; Defective Crossing; Injury to Animals; Evidence.*—In an action for injuries to a horse caused by a spike protruding above the surface on a public crossing, it was competent to show there were a line of show cars on a side track near the crossing, to show the conditions existing at or near the place of injury.

6. *Same.*—It was permissible to show' the erection of sign board by the railroad at the crossing, as tending to show the public nature of the same.

7. *Same; Instructions.*—A charge asserting that if the plaintiff by his own act of negligence proximately contributed to the injuries of his horse, etc., he could not recover, but not postulated upon the acts of negligence averred in the pleas, is erroneous and properly refused.

8. *Same.*—A charge asserting that if the crossing was maintained in such a manner as not unnecessarily to impair the usefulness of the public road, or interfere with the safe enjoyment of the road, defendant was not liable, was misleading in not using "materially" for "unnecessarily," and properly refused.

9. *Trial; Evidence; Assumed Facts; Jury Question.*—Where the evidence was undisputed that the crossing on which the horse was injured was a public crossing, the court could assume such to be the fact without submitting that question to the jury.

10. *Same; Refusal of Request.*—Where refused charges are substantially covered by instructions given, it is not error to refuse them.

11. *Same.*—An instruction which was addressed to a count which had been withdrawn was properly refused.

APPEAL from Bibb Circuit Court.

Heard before HON. JOHN MOORE.

Action by R. H. Hubbard against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals.

This was an action for injury to a horse. There were three counts in the complaint, the second of which was eliminated. The first count was in words and figures as follows: "Plaintiff claims of the defendant, a corporation doing business in Bibb county, Ala., $100 as

damages because, he says, that on, to-wit, the 14th day of December, 1900, the plaintiff's horse was wrongfully and negligently injured by the agents or servants of the defendant while in the prosecution and employment of the business of the defendant, to-wit, that the defendant wrongfully and unlawfully suffered and permitted an iron spike in said railway, at a point where the public highway crosses said railway in Blocton, Ala., to protrude in and above said highway; that while plaintiff's horse was lawfully in and upon said highway, in charge of plaintiff, the same became frightened, and, shying, struck his foot in and against said spike and was injured. Hence this suit." As the third count refers to the second count, it is here copied down to the word "warning": "The plaintiff claims of the defendant, a corporation doing business in Bibb county, Ala., $100 as damages because, he says, that on the 14th day of December, 1900, plaintiff's horse was wrongfully injured by the carelessness and negligence of the servants or agents of the defendant in manner, to-wit: That while plaintiff was riding the said horse in and upon a thoroughfare, which was a public highway, crossed by the right-of-way used and occupied by the defendant, the servants or agents of the defendant negligently and suddenly went forward with an engine and cars attached thereto without any notice or warning." Third count adds: "And in so being frightened struck his foot in and against a spike which the defendant unlawfully suffered and permitted to be in said highway on its said right of way, the said spike being an obstruction liable to produce injury to persons and animals traveling said highway, and in consequence thereof, was injured." Demurrers were interposed to this complaint as follows: To the first count, because there is no causal connection shown between the alleged negligent act and the alleged injury. It does not allege that said spike was known by the defendant to be in a dangerous condition. It does not allege that the injury occurred at a public road crossing. It is not shown that defendant owed plaintiff any duty at the point the alleged injury occurred. It does not aver that defendant did not use ordinary care to keep the crossing in reasonably safe and convenient

condition. It is not shown that plaintiff was in the usually travelled part of the road when the injury occurred. Because it is shown that the act complained of was too remote to cause the damage or injury alleged. Because it fails to state any facts showing wherein the defendant was negligent in allowing the spike to be in the railway at the crossing. And to the third count, same grounds of demurrer and the following additional: Because it contains an improper joinder of causes of action, in that it claims damages for the negligent backing of the train without warning, and also claims damages for the iron spike being in the railway at the crossing. Because said count contains two separate and distinct averments of negligence. The other facts sufficiently appear in the opinion.

The defendant requested the following charges, which were refused: Charge 5: "If the jury believe from the evidence that the said crossing was maintained by the defendant in such manner as to not unnecessarily impair the usefulness of the public road or to interfere with the safe enjoyment of the said road, then the defendant is not liable." (In this connection we give charge 7, requested by and given for the defendant: Charge 7: "If the jury believe from the evidence that at the time of the accident the crossing in question was reasonably safe and convenient for the traveling public, exercising ordinary care and prudence for their own safety, they must find for the defendant." Charge 10: "If the jury believe from the evidence that Hubbard by his own act of negligence proximately contributed to his injury, then the verdict should be for the defendant." Charge 12: "The court charges the jury that the plaintiff cannot recover in this case if the jury believe from the evidence that plaintiff proximately contributed to the injury of his horse by his own negligence or want of care, and that but for such negligence or want of care on his part his horse would not have been injured." Charge 18: "The court charges the jury that, unless they believe from the evidence that the train was wilfully or wantonly backed without regard to the injury which might follow, then they must find for the defendant on the second and third count." There was judgment for plaintiff, and defendant appeals.

[Louisville & Nashville R. R. Co., v. Hubbard.]

ELLISON & THOMPSON, for appellent.—The court erred in overruling the second demurrer to the first count.—3 Rap. & Mack. Digest of Ry. Law, p. 471, Sec. 26 b. The court erred in not sustaining the third ground of demurrer.—3 Rap. & Mack. Digest of Ry. Law, p. 471, Sec. 26 a. The court erred in overruling the demurrers to the counts of the complaint for failure to aver that the plaintiff was in the usually travelled part of the road.—*Patterson v. S. & N. R. R. Co.,* 89 Ala. 222. The court erred in overruling the fifth grounds to the third count.—*Stanton v. L. & N. R. R. Co.,* 91 Ala. 386; *Oxford Lake Line Co. v. Stedham,* 101 Ala. 379. The court erred in refusing to give charge five requested by the defendant.— Authorities supra. The court erred in refusing to give charges ten and twelve requested by the defendant.— *Central v. Foshee,* 27 So. Rep. 1010; Elliott on Railroad, §§ 1153 and 1662. Counsel discuss other assignments of error but cite no authority.

J. M. McMASTER and W. W. LAVENDER, for appellee. —The demurrers were properly overruled.—*Southern Ry. Co. v. Wilson,* 35 So. Rep. 561. The court properly refused the charges requested by defendant.—*Smith v. The State,* 92 Ala. 30; *K. C. v. Burton,* 97 Ala. 240; *L. & N. R. R. Co. v. Hunt,* 101 Ala. 34; *Murphey v. The State,* 108 Ala. 10; *Newell v. The State,* 109 Ala. 5; *Miller v. The State,* 111 Ala. 80.

WEAKLEY, C. J.—The action is brought to recover damages for an injury to plaintiff's horse, sustained by striking its foot against an iron spike which protruded above the surface of the highway at a point where the public road crosses the track of the defendant. The plaintiff was riding the horse at the time of the injury. The case was tried on counts 1 and 3. There are many assignments of error; but, pursuing our usual practice, we will consider those only that are argued and insisted on by counsel for appellant.

When a public road or highway crosses the track of a railroad company, the latter is under a duty to put and keep the approaches and crossing in proper repair for

4

the use of the traveling public.—*Southern Ry. Co. v. George Morris, Adm'r*, 42 So. Rep. 19; *Patterson v. S. & N. R. R. Co.*, 89 Ala. 318, 7 South. 437. While the counts are not as carefully drawn as they might have been, yet we are of opinion they are good as against the grounds of demurrer that are insisted on, and we consider no others. The protruding of an iron spike above the surface of the road upon which horses would be liable to stumble or strike their feet while traveling along the highway and over the public crossing rendered the latter unsafe; and that this condition proximately caused the injury sufficiently appears from the counts on which the case was tried. We do not construe the third count as joining two causes of action. Properly interpreted, it presents the negligent moving forward of the engine and cars and the existence of the obstruction on the highway in the form of a spike above the surface as concurrently and in combination causing the injury and damage.—*K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 240, 249, 12 South. 88. Both counts show a breach of duty to plaintiff, a traveler on the highway. It was not necessary to introduce averments acquitting plaintiff of contributory negligence, since such negligence, if it existed, would be defensive matter.

The evidence was undisputed that the crossing was public, and that planks had been placed between the rails to facilitate passage over it. Signboards were also located there. Several of the witnesses for the plaintiff testified without objection that a public road crossed the track at the point of the accident, and the records of the court of county commissioners, introduced in evidence state the establishment of the road as viewed and reported. The testimony of the defendant's conductor whom it offered as a witness, shows the place of the accident was a regular public crossing. Such being the state of the evidence, the court might have assumed that the averment of the complaint as to the public highway was proven, without submitting the inquiry to the jury.

There was no error in allowing a witness to state that there were show cars on the side track of the main line. This merely explained conditions existing near the place at the time, and was but a part of the photo-

graphic view, so to speak, furnished the jury of the surroundings. It was not offered as tending to show negligence, and the circuit court instructed the jury it could not be considered as a negligent act on the part of the defendant.

There was no error in allowing proof that the railroad had signboards at the crossing, as this was a recognition of its public character.

The only insistence in support of the affirmative charge requested by the defendant is that no legal evidence was offered to prove the existence of the public highway across and over the defendant's track. We have already shown that there was such evidence.

Charges 10 and 12 were properly refused. Neither postulated the acts of negligence averred in the pleas.

Charge 5, requested by defendant, seems to have been founded upon or suggested by a paragraph in the opinion in *Patterson v. R. R. Co.*, 89 Ala. 318, 321, 7 South. 437, which undertook to define what would be a sufficient discharge of the duty devolving upon a railroad company to put and keep the approaches and crossings in proper repair for the traveling public when its road is constructed across a public highway. By the use of the word "unnecessarily", in place of the word "materially", employed in the opinion in the paragraph mentioned, the charge was rendered inaccurate and misleading, if not positively erroneous. Charge 7, given for the defendant, properly stated the degree of care required of the defendant in respect of the safe and convenient condition of the crossing. There was no error in refusing charge 5.

Charge 18 was rightly refused. Aside from other possible criticisms, it was in part addressed to the second count, which had been withdrawn, and was also bad in form, in requiring a finding for the defendant on the two counts named; there being another count in the complaint.

No reversible error appearing, let the judgment be affirmed.

Affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.