# Birmingham Railway, Light & Power Co. v. Beck.

*Action by Husband for Damages for Injury to Wife.*

(Decided May 13, 1911.   Rehearing denied May 29, 1911.
55 South. 428.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the action was by the husband for injuries alleged to have been inflicted upon his wife through the negligence of a carrier on whose car she was a passenger, but no claim for damages for hospital expenses was averred in the complaint, the admission of evidence that the attending physician had suggested that the wife go to a hospital, was prejudicial, as tending to magnify the extent of plaintiff's damages.

2. *Same; Presumptions; Evidence.*—Where a seasonable objection is interposed to illegal evidence, its admission is presumed to cause injury, unless the record affirmatively repels such presumption.

APPEAL from Birmingham City Court.
Heard before Hon. CHARLES A. SENN.

[Birmingham Railway, Light & Power Co. v. Beck.]

Action by J. L. Beck against the Birmingham Ry., Light & Power Company, for damages on account of injury alleged to have been inflicted upon his wife by the defendant carrier while she was a passenger thereon. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in admitting evidence that the doctor suggested that plaintiff's wife go to the hospital.—*B. R. M. Co. v. Rockhold,* 143 Ala. 115. Counsel discuss other assignments of error relative to evidence, but without further citation of authority.

McARTHUR & HOWARD, for appellee. Counsel insist that the court was not in error in its rulings on the evidence, and in support thereof they cite 17 Cyc. p. 236; *L. & N. R. R. Co. v. Stewart,* 128 Ala. 313. On their application for a rehearing they cite *W. U. T. Co. v. Rowell,* 166 Ala. 651; *Bufford v. Little,* 159 Ala. 303; *DeYampert's Case,* 139 Ala. 55; *Bolton v. Cuthbert,* 132 Ala., *Smith's Case,* 107 Ala. 109; *Sanders v. Knox,* 57 Ala. 83; 1 Wig. on Evid. 18.

DE GRAFFENRIED, J.—The appellee brought this suit against the appellant for damages alleged to have been sustained by him as the husband of Mrs. Hesta Beck, because of alleged injuries sustained by her through the alleged negligence of the appellant's servants while she was a passenger on one of the appellant's street cars. The case was tried upon the plea of the general issue, and there was a verdict and judgment for the appellee.

While the evidence of the appellant tended to show that the injury to the wife complained of in the com-

plaint, if she was in fact injured, was due to no fault of the appellant or its agents or servants, the evidence of the appellee tended to show that the wife of the appellee, who was pregnant at the time, in attempting to alight from one of the appellant's cars on which she was a passenger, was, through the negligence of appellant's servants, thrown to the ground, painfully injuring her, and from the result of which fall she aborted, or miscarried. The fact that plaintiff's wife suffered a miscarriage, or abortion, was not questioned, and it was for the jury to determine, under the testimony in the case, whether or not the abortion, or miscarriage, was due to an injury received by her through the negligence of appellant's servants. The only question in the case was whether the wife was in fact injured, and, if so, whether the injury was occasioned by the negligence of the agents or servants of the appellant, and, if so, the amount of the damage sustained thereby. The only evidence offered by the appellant in the case was evidence tending to show that the appellee's wife was not injured through the negligence or fault of its servants or agents. It offered no evidence whatever as to the injury, if one was in fact suffered by her, or the extent of it.

During the progress of the trial, the appellee introduced one George Hogan, a physician, as a witness, who qualified as an expert. Hogan did not see the appellee's wife until several days after the alleged injury. When he first saw her, she was threatened with an abortion, or miscarriage, and subsequently, while he attended her, she miscarried. He made no examination for the purpose of ascertaining whether she had suffered any previous injury, and he did not know whether the abortion, or miscarriage, was due from excitement or mental worry, from excessive physical exertion, or from some injury previously sustained. He did not treat her for

any bruise or swelling, and swears positively that he only treated her for the abortion. He states that she complained of pain in her side, but that he gave her no treatment for such pain. Continuing his testimony, he says: "She was in pretty bad shape. She complained of her side up to the last visit. I just gave her medicine internally and kept her in bed, and didn't give her any liniment, or bandage it. I do not know how long she was in bed before I saw her, but she was in bed from July 23d until August 22d." The appellee, among other things, asked the witness the following question: "You suggested to her to go to the hospital, didn't you, Doctor?" and, against the objection of the appellant, the court permitted the witness to answer the question, and he replied to the question in the affirmative.

This action of the court is assigned as error. If one of the elements of damages sought to be recovered had been the expense of the husband in maintaining his wife at an infirmary, it would have been entirely proper to have shown by the evidence that such expense was incurred under the advice of a medical expert; but this was not the purpose of the question to which objection was made, and the testimony elicited could certainly have shed no material light upon any of the questions submitted to the jury. We are not able to say, after a most careful examination of the record, that the admission of this testimony was harmless to the appellant, and that the error of the court in admitting it was without injury to it. We are not able to say that it did not have some weight with the jury in arriving at the amount of the plaintiff's damages, and that it did not have a tendency to magnify in their minds the extent of the injuries sustained by the wife. The jury certainly, by its verdict, ascertained that plaintiff's wife suffered through the negligence of defendant's servants,

[St. Louis & San Francisco Railroad Co. v. Fancher.]

and the amount of the recovery in the case satisfies us, also, that they came to the conclusion that the miscarriage of the wife was occasioned thereby. While the verdict was only for $750, and could not be held to be excessive, we cannot say that the testimony under discussion was not considered by the jury in arriving at this sum as the amount of the damages. While we may entertain grave doubts as to whether or not this testimony affected the jury, we cannot say that the record shows that it did not do so.

When, against a seasonable objection, illegal evidence is allowed to go to the jury, injury is presumed, unless the whole record affirmatively repels such presumption. —*Bolton v. Cuthbert, et al.*, 132 Ala. 403, 31 South. 358, 90 Am. St. Rep. 914.

There are two other assignments of error, but they are without merit.

For the error above pointed out, this case is reversed and remanded.