# *Ex Parte* Atlantic Coast Line Ry. Co.

## *Master and Servant.*

(Decided November 7, 1914.   Rehearing denied December 17, 1914.
67 South. 256.)

1. *Courts; Review; Conclusiveness of Finding.*—The finding of facts by the Court of Appeals is final, and will not be reviewed by the Supreme Court on certiorari to the Court of Appeals.

2. *Commerce; Interstate; Federal Employers' Liability.*—The Federal Employers' Liability Act (§ 8657, U. S. Comp. Stat.) supersedes state statutes, and governs cases of injury to employees while engaged in interstate business.

3. *Master and Servant; Injury to Servant; Statutory Liability.*— A railroad employee suing for a personal injury may allege in different counts causes of action under the Federal and under the state employers' liability act, but is not entitled to recover under the state statute where the injury occurred while engaged in interstate commerce; neither can he recover under the Federal statute, where the accident occurred while engaged in intrastate commerce.

4. *Same.*—Where an employee alleges in different counts causes of action under the Federal and under the state employers' liability act, and the evidence shows that the accident occurred while in the service and engaged in interstate commerce, the defendant is entitled to the general charge as to the count founded on the state act.

5. *Same; Pleading.*—In suing for a personal injury, a servant upon a railroad engaged in interstate commerce should allege facts to enable the court to determine whether he relies on the Federal or the state employers' liability act.

CERTIORARI to Court of Appeals.

Will Jones had judgment against the Atlantic Coast Line Railway Company, and on appeal to the Court of Appeals, the judgment is affirmed. See 9 Ala. 499, 63 South. 693. The Atlantic Coast Line Railway Company brings certiorari to review the judgment and decision of the Court of Appeals. Writ granted.

JOHN R. TYSON, for petitioner.

W. H. & J. R. THOMAS, for respondent.

McCLELLAN, J.—This application for writ of certiorari to the Court of Appeals presents for review the action of that court as expressed in its opinion to be found in 9 Ala. App. 499, 63 South. 693, on the appeal thereto of *Atlantic Coast Line R. R. Co. v. Jones.*

Counts 2 and 3½ of the complaint were drawn to state a cause of action under the state Employers' Liability Act.—Code, § 3910. Count 7 was drawn to state a cause of action under the federal Employers' Liability Act.

(1) Upon a review of the evidence, the Court of Appeals concluded that, at the time the injury complained of in the complaint was suffered by the plaintiff, Jones, he was engaged in a service of interstate commerce. As has been settled here by several decisions, this conclusion of fact is final, so far as review in this court is concerned.—*Ex parte Steverson,* 177 Ala. 384, 389, 58 South. 992, among others.

(2) The fact being that plaintiff was, when injured, in the service of interstate commerce, the federal Employers' Liability Act afforded the statutory rule for the determination of the liability vel non of the interstate carrier, instead of the state Employers' Liability Act (section 3910), for it has been finally adjudged by the Supreme Court of the United States that the federal Employers' Liability Act supersedes a state enactment in that field, governing, exclusively, cases falling within its purview.—*Seaboard Air Line v. Horton,* 233 U. S. 492, 501, 34 Sup. Ct. 635, 48 L. Ed. 1062; Second Employers' Liability Cases, 223 U. S. 1, 55, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; *Mo., Kan. & Tex. Ry. v. Wulf,* 226 U. S. 570, 575, 576, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134.

(3, 4) It results, necessarily, from the stated conclusion of fact attained by the Court of Appeals, that the

plaintiff could not have recovered under the counts declaring as upon a liability in virtue of the local (state) statute. In consequence, the general affirmative charge in defendant's favor upon count 3½ was defendant's due. The Court of Appeals was in error in not so deciding. Accordingly, on that ground alone, the judgment of the Court of Appeals must be reversed.

Upon the considerations made to appear in the opinion of the Court of Appeals, we have no doubt that a plaintiff may join, in distinct counts, in one complaint a sufficiently stated cause of action, arising out of the one transaction, for breach of duty under the state Employers' Liability Act and for breach of duty under the federal Employers' Liability Act; but, as before pronounced, he cannot recover as upon the authority of the local statute in a case governed exclusively by the national statute, nor can he recover as upon the authority of the national statute in a case that does not fall within the national enactment.

For the error indicated, the writ is granted, and the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals.

The writ is granted.

### ON REHEARING.

(5) It is insisted for appellee that counts numbered 2 and 3½ should not be interpreted as declaring as for liability under the State Employers' Liability Statute. These counts, along with count numbered 7, have been reconsidered, and our opinion is that counts 2 and 3½ were drawn to state a cause of action under the state statute. The form and phraseology of each of them leaves no basis for doubt in that respect. Count 7 is plainly drawn to state a cause of action under the

[Creagh v. Bass.]

federal Employers' Liability Act. It is essential to the certain and orderly administration of the law of master and servant, as these distinct enactments' establish it, that the initial pleading, or its amendment, be so drawn that the courts may be able to determine under which of the two enactments, state or federal, the respective counts are intended to assert a claim for liability. The sufficiency vel non of counts under our state statute necessarily involve questions that will not arise upon the issue of sufficiency vel non of counts seeking to declare upon a liability under the federal statute; and the provisions of the latter enactment forbid matters of defense admissible in an action under the state statute.

Furthermore, the trial of this case at nisi prius was conducted by the parties and the trial court upon the theory that counts 2 and 3½ were drawn to state a cause of action under the state statute, and that count 7 was drawn to state a cause of action under the federal statute.

The application of the appellee (in the Court of Appeals) for rehearing is therefore denied.

Application denied.