(87 South. 810)

## AMERICAN RY. EXPRESS CO. v. COMPTON. (6 Div. 103.)

(Supreme Court of Alabama. Feb. 3, 1921.)

**I. Master and. servant ⬤⟞258(10)—Counts under Employers' Liability Act held to point out defects.**

A count in a declaration for injuries to a servant framed under the state Employers' Liability Act which alleged plaintiff was injured while pulling a certain truck furnished by defendant, and that the truck was defective, is sufficient against objection on demurrer that it does not describe the defect.

**2. Commerce ⬤⟞8(6) — Federal Employers' Liability Act supersedes state act only when both master and servant are engaged in interstate commerce.**

The Federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) supersedes the statute of the state on the same subject only in case both the carrier and the employé are at the time of the injury complained of engaged in interstate commerce.

**3. Evidence ⬤⟞20(I)—Judicial notice that express company engages both in interstate and intrastate commerce.**

The court may take judicial·notice that the American Express Company engages in interstate commerce, and also that it engages in intrastate commerce, but it cannot know without evidence in which commerce a particular employé was engaged when injured.

**4. Master and servant ⬤⟞265(I) — Burden on master to show injury in interstate commerce.**

In an action under the state Employers' Liability Act for injuries to the employé of an express company, the burden is on the defendant to show that at the time he received the injuries complained of the servant was engaged in interstate commerce, so that the federal, and not the state, act applied.

**5. Railroads ⬤⟞5½, New, vol. 6A Key-No. Series—Express company under federal control suable for injuries to employé.**

The order of the Director General in requiring actions and suits to be brought against him and not otherwise does not, under Act Cong. March 21, 1918, § 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j), authorizing actions against carriers under·federal control as then provided by law, prevent an employé of an express company who was injured while the company was under control of the Director General from maintaining an action against the company.

**6. Trial ⬬=251(1)—Refusal of charges as to withdrawn count not error notwithstanding inadvertent reference thereto.**

It was not error for the court to refuse charges relating to a count which was withdrawn before the jury retired, though it was withdrawn by statement of counsel while the court was in the midst of its oral charge, and thereafter the court remarked through inadvertence that a special instruction under consideration did not eliminate that count, but immediately assented to the statement of counsel that it had been withdrawn.

**7. Trial ⬬=253(4, 9)—Requested charges properly refused as ignoring issues and evidence.**

In an action for personal injuries for injuries to employé of an express company, requested charges directing verdict for defendant if the jury found the employé caused the truck to tip over by turning it suddenly were properly refused as ignoring evidence going to show defendant's negligence, or, if proposed under the plea of contributory negligence, they were properly refused as pretermitting consideration whether the acts of plaintiff stated were negligent.

**8. Damages ⬬=177—Evidence that doctor advised plaintiff to go to chiropractor is admissible.**

In an action for personal injuries where the complaint sought compensation for expenses incurred in efforts to cure the injury, evidence that a doctor advised plaintiff to go to a chiropractor was admissible as tending to show that expenses incurred by going to the chiropractor were incurred in good faith.

**9. Appeal and error ⬬=1048(5)—Erroneous form of question eliciting trivial answer held not reversible.**

Though a question asked a doctor whether plaintiff came to his office for treatment against his advice, which elicited an affirmative answer, was not the orthodox method of proof, the trivial importance of the answer, in view of the facts and professional opinion as to injury already stated by the witness, does not require reversal of a verdict for plaintiff.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by F. C. Compton against the American Railway Express Company for damages for personal injuries suffered in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleading and the facts sufficiently appear from the opinion of the court, as does the exceptance to evidence. The following charges were refused to defendant and are made the basis of assignments of error 6 and 7:

(6) If you believe from the evidence in this case that Compton by attempting to turn the truck caused the truck to tilt over, and that the tilting of the truck proximately caused a box or case of eggs to fall from the truck and strike the plaintiff, you must find for the defendant.

(7) If you believe from the evidence that the plaintiff on the occasion complained turned the truck so suddenly that he overturned the same, and the case of eggs fell off the truck and injured the plaintiff, then your verdict must be in favor of the defendant.

Tillman, Bradley & Morrow, E. L. All, and T. A. McFarland, all of Birmingham, for appellant.

Courts take judicial knowledge of the proclamation of the President, taking over the American Railway Express Company, and this is not optional with the trial court, but must be given effect. 17 Ala. App. 374, 86 South. 154; 17 Ala. App. 350, 84 South. 780; 84 South. 864; 81 South. 417; 166 U. S. 1, 17 Sup. Ct. 495, 41 L. Ed. 897; 13 Wall. 154, 20 L. Ed. 614. This cause should have been brought under the federal Employers' Liability Act and against the Director General. 195 Ala. 382, 70 South. 655, Ann. Cas. 1917E, 292; 199 Ala. 521, 74 South. 961; 200 Ala. 90, 75 South. 466; 194 Ala. 186, 69 South. 874; 220 Fed. 797, 136 C. C. A. 402; 203 Ala. 675, 85 South. 10; 250 U. S. 163, 39 Sup. Ct. 507, 63 L. Ed. 910, 4 A. L. R. 1623; 17 Ala. App. 374, 86 South. 154. The fact that appellant was under federal control was available under the general issue and was a bar to any action against this appellant. 85 South. 765; (D. C.) 254 Fed. 880; 33 Cyc. 631; 112 S. C. 407, 99 S. E. 846, 8 A. L. R. 959; (D. C.) 257 Fed. 138; 175 N. Y. Supp. 84; 203 Ala. 208, 82 South. 458, and authorities supra. While ordinarily the withdrawal of a count cures error with reference to charges, yet under the facts of this particular case this rule does not apply. 200 Ala. 154, 75 South. 904; 203 Ala. 601, 84 South. 845; 17 Ala. App. 548, 86 South. 111; 183 Ala. 10, 62 South. 864; 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565.

K. E. Cooper and Cabaniss, Johnston, Cocke & Cabaniss, all of Birmingham, for appellee.

The suit could not have been brought under the federal Employers' Liability Act, unless the employer and employee were engaged in interstate commerce at the time of the injury, and the employer was a common carrier by railroad. 105 Tex. 296, 147 S. W. 559; 38 Okl. 581, 134 Pac. 655; 173 App. Div. 268, 159 N. Y. Supp. 244; 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941; 238 U. S. 439, 35 Sup. Ct. 902, 59 L. Ed. 1397; 195 Ala. 382, 70 South. 655; Ann. Cas. 1917E, 292; 199 Ala. 521, 74 South. 961. The action was properly brought against the defendant, instead of the Director General. 81 South. 417; 204 Ala. 150, 85 South. 372; 203 Ala. 675, 85 South. 10; 17 Ala. App. 374, 86 South. 154, and acts of Congress. Count 6 was withdrawn, and the charges relating thereto were refused without error. 183 Ala. 457, 62 South. 681; 174 Ala. 657, 56 South. 1013. The first count

---

⬬=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was amply sufficient. 182 Ala. 651, 62 South. 66; 200 Ala. 308, 76 South. 74; 191 Ala. 444, 67 South. 608; 119 Ala. 572, 24 South. 862; 141 Ala. 206, 37 South. 445. The evidence was properly admitted. 203 Ala. 212, 82 South. 462; 1 Ala. App. 291, 55 South. 428.

SAYRE, J. [1] Plaintiff (appellee) recovered a judgment against defendant (appellant) on account of personal injuries suffered by plaintiff while engaged in the service of defendant. Only one count of the complaint went to the jury, and the case made under that count alone will be considered. That count was framed under the Employers' Liability Act (section 3910 of the Code of 1907, first subdivision). The count, in its last shape, alleged that plaintiff was injured "while using or pulling a certain truck furnished by defendant," and the allegation of defect was that "a truck was defective," meaning, upon fair interpretation, that the truck which plaintiff was using or pulling was defective. It is urged in support of the demurrer, overruled in the trial court, that this allegation does not sufficiently describe, designate, and point out to defendant the defect; but numerous decisions of this court sustain the sufficiency of the count. Standard Portland Cement Co. v. Thompson, 191 Ala. 444, 67 South. 608, where a number of the cases are shown. The case of T. C. I. Co. v. Smith, 171 Ala. 251, 55 South. 170, was decided on its own peculiar facts and affords no precedent for the case at bar.

Defendant requested the general charge and bases an assignment of error on its refusal. The theory underlying this proposition is that the parties were engaged in interstate commerce at the time of plaintiff's injury, that the business of the defendant corporation was being conducted by the Director General of Railroads, and therefore that the suit could not be maintained under the Employers' Liability Act of this state (section 3910 of the Code), and, if maintainable at all, should have been brought against the Director General, and not otherwise.

[2-4] The federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665) supersedes the statute of the state on the same subject only in case both carrier and employé are, at the time of the injury complained of, engaged in interstate commerce. Ex parte Atlantic Coast Line, 190 Ala. 132, 67 South. 256; Shanks v. D. L. & W. R. R. Co., 239 U. S. 556, 36 Sup. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797. At the time of his injury plaintiff, working as an employé of the defendant, had started to move a truck loaded with freight—some pieces of iron and four cases of eggs. There is no need to go into particulars of the accident which followed further than to say that the tongue of the truck broke and one of the cases of eggs fell upon plaintiff, causing his hurt. We may take judicial notice that the American Railway Express Company does engage in interstate commerce; still we know also, that it engages in intrastate commerce, and it is clear, we think, that this court cannot assume to know without evidence whether any particular employé, at any particular time and place, is engaged in interstate, rather than intrastate commerce. Chicago, etc., R. Co. v. McBee, 45 Okl. 192, 145 Pac. 331. As for the evidence, it was that plaintiff was moving freight as we have indicated, but neither the origin nor destination of the freight was shown. The burden as to this question was on defendant, since it must be held to knowledge of the actual movement of freight committed to its care. Osborne v. Gray, 241 U. S. 16, 36 Sup. Ct. 486, 60 L. Ed. 865. It was open, therefore, to the jury to find that the freight which plaintiff was handling was moving in intrastate commerce.

[5] Notwithstanding the business of the defendant corporation was being conducted by the Director General of Railroads under authority of an act of Congress, and notwithstanding the Director General had issued an order that actions and suits should be brought against him, and not otherwise, the action was not improperly brought against the defendant corporation, for the act of Congress under which the Director General was acting provided that "actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law." Act March 21, 1918, c. 25, § 10 (U. S. Comp. St. Supp. 1919, vol. 1, p. 765); Crim. v. L. & N., 89 South. 376; [1] L. & N. v. Johnson, 85 South. 372.[2] In this ruling we assume that the Director General's order applied to the defendant. Appellee refers to a contract between the Director General, acting on behalf of the government, and the defendant, which recognized the propriety of actions being brought against defendant; but that contract was not in evidence, and we prefer in this state of the record to leave at large the question whether we shall take judicial cognizance of it.

[6] The sixth count of the complaint was withdrawn before the jury retired, and for that reason, if none other, the court committed no error in refusing charges dealing with a question of negligence which could have arisen under that count only. W. U. Tel. Co. v. Boteler, 183 Ala. 457, 62 South. 821; L. & N. v. Hubbard, 148 Ala. 45, 41 South. 814. True, the count was withdrawn by a statement of counsel, made while the court was in the midst of its oral charge to the jury, of which statement the court then took notice, and that afterwards, when considering special instructions requested in writ-

---

[1] 206 Ala. ——.     [2] 204 Ala. 150.

ing, the court remarked, through an inadvertence, of course, that one of them did not eliminate the first and sixth counts. But thereupon the attorney for plaintiff reminded the court that the sixth count had been withdrawn, and to this the court assented, saying: "The sixth count is withdrawn." Though, in deference to the brief for appellant, we have thus stated this matter at length, our judgment, briefly stated, is that the question raised is wholly different from that which is involved when irrelevant and prejudicial evidence is withdrawn perfunctorily merely, and that the assignments of error based upon the refusal of these charges are without merit.

[7] Charges shown in assignments of error 6 and 7 were properly refused to defendant. These charges wholly ignored the evidence going to show defendant's negligence alleged in count 1, 'or, if they were asked with a view to the issue proposed by the plea of contributory negligence, they erroneously pretermitted all consideration whether plaintiff was negligent in turning or attempting to turn the truck.

[8] There was no error in the ruling which allowed plaintiff to ask Dr. Copeland: "Didn't you advise Mr. Compton to go to one of those chiropractors?" The complaint sought compensation for plaintiff's expenses incurred in his efforts to heal and cure his alleged injury. On this state of the record, the decision in B. R., L. & P. Co. v. Beck, 1 Ala. App. 291, 55 South. 428. cited by appellant, sustains the ruling of the trial court. In other words, this evidence tended to show that any expense incurred by going to a chiropractor was incurred in good faith, since it was incurred on the advice of a medical expert. The ruling might be vindicated on another ground, but we have said enough.

[9] Nor was there reversible error in allowing plaintiff to ask the same witness "if Mr. Compton [plaintiff] came to your office for treatment against your advice?" One implication of the witness' affirmative answer tended to show the gravity of plaintiff's injury, and, while plaintiff did not adopt in this question the orthodox method of proof, still, in view of the fact that the witness had stated the facts and his professional opinion as to plaintiff's injury and the trivial importance of the answer elicited, we are by no means willing to predicate reversible error of the ruling.

We need not discuss at length defendant's contention that upon the whole evidence plaintiff should not have been allowed to recover; that the motion for a new trial should have been granted. Our judgment is that the case was one for jury decision, and we are unable on any safe ground to affirm error of the ruling against the motion for a new trial.

Since writing the above the decision of the Supreme Court of the United States in Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 Sup. Ct. 93, 65 L. Ed. ——, has come to our attention. It was there held that an express company which neither owns nor operates a railroad is not within the federal Employers' Liability Act. It is very reasonable surmise that defendant company does not in this state own or operate the railroads over which it transacts its business; but this case was litigated on the assumption that the federal act did apply to express companies engaged in interstate commerce, nor was there any evidence as to whether defendant owned and operated the road or roads over which it transacts its business. We therefore leave this point with a citation of the case supra.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.