## NEWTON v. ALTMAN.
### 6 Div. 171.

Supreme Court of Alabama.
Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

J. P. Mudd, of Birmingham, for appellant.

John W. Altman, London, Yancey & Brower, Mayer U. Newfield, and Jim C. Smith, all of Birmingham, for appellee.

FOSTER, Justice.

This is an action by appellee's intestate, tried while he was alive, who died after the judgment was rendered.

The complaint claims damages resulting from a collision of the plaintiff's car in which he was riding, driven by his son, with that of defendant, which he was driving. The complaint was in counts 1 and 2, simple negligence and wanton injury, respectively. Both

claim damages to plaintiff's car in addition to other items.

At the time of the trial, counts A and B were added. No action was taken by the court as to counts 1 and 2, after such amendment. In charging the jury only counts A and B were emphasized by the court. Those counts made no claim for damage to the car; and the court did not refer to such claim in the general or special charges given the jury, though the evidence showed substantial damage was done it.

Appellant requested many special charges relating to items and elements of damage. Some were given and some refused. Among those refused were some which directed the jury in effect that no damage could be recovered for injuries to the car.

Appellant contends that though counts 1 and 2 were eliminated by the charge of the court, there was evidence of the damages to the car and the amount of same, and that the jury should be clearly informed that they should not consider such item. Conceding the correctness of that contention, we note that the amount of such damage is definitely shown by the evidence, and in fixing an amount necessary to be remitted by appellee as a condition to affirmance it has been considered and included.

We do not at all discredit the ordinary rule that it is not reversible error to refuse a charge relating to a count which has been eliminated. Birmingham, R. L. & P. Co. v. Fox, 174 Ala. 657 (22), 56 So. 1013; Western Union Tel. Co. v. Boteler, 183 Ala. 457, 62 So. 821; American Rwy. Ex. Co. v. Compton, 205 Ala. 298, 87 So. 810. But the court did not clearly so instruct the jury, and defendant should have had the benefit of such instruction.

There was evidence offered by defendant that the repair bill for the damage was $100. But it does not expressly show that such was a reasonable sum. Regardless of what would be the consequence of such proof if offered by plaintiff (Birmingham v. Norwood, 220 Ala. 497, 126 So. 619), this proof was a part of plaintiff's answers to interrogatories propounded to him by defendant. Since defendant offered the answers to such interrogatories, we cannot say that it was not some proof that the amount paid was reasonable. Moreover, as we have said, this relates only to the damages, and is included in the amount of the remittitur which we have here declared.

In refused charges D8 and D9 appellant sought to have the jury instructed that plaintiff could not recover for loss of wages or salary. It is true that such claim was not made in the complaint, nor was there any evidence that plaintiff sustained such loss. On the other hand, plaintiff testified, in answer to defendant's interrogatories, that he does not claim that he has earned less money on account of his injuries, because he was not physically able to work before they occurred due to disease, which continued also afterwards. We do not think it is prejudicial to refuse a charge eliminating such item when there is no claim in the complaint or evidence which needs explanation in that connection. On the other hand, plaintiff's evidence sufficiently made that clear to the jury. The refusal of every charge which may be properly given is by no means reversible, assuming that it may have been given without error. Supreme Court Rule 45.

For the same reason there was no reversible error in refusing charge D10. There may be reversible error in submitting to the jury the question of the impairment of earning capacity, when the evidence does not support the claim. Norwood Hospital v. Jones, 214 Ala. 314, 107 So. 858; Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403; Mackintosh Co. v. Walls, 218 Ala. 260, 118 So. 276. But there is nothing in those cases to sustain the contention that it is reversible error to refuse charges purporting to eliminate bases of damages not claimed in the complaint nor in the evidence. There is no occasion to extend charges to matters which no one contends are involved in the case, so as to work a reversal of the judgment.

We do not think it was reversible error to refuse charge E11. While the items of plaintiff's injuries enumerated in the complaint did not in terms mention his back, its general averments describing his personal injuries were broad enough to include such as affected his back as well as other parts of his body. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Birmingham, R. L. & P. Co. v. Brown, 150 Ala. 327, 43 So. 342; Graselli Chemical Co. v. Davis, 166 Ala. 471, 52 So. 35; 17 Corpus Juris 1007.

For like reasons charges C9 and C10 were refused without reversible error.

We cannot agree that charges B7, G3, F11, G4, G5, G6, F6, B10, F2, G1, F10, F5, should have been given because of the claim that at the time of plaintiff's injuries he may have been suffering from diseases which then permanently impaired his health. It does not follow that because one is diseased, permanently, he cannot receive injuries which will further operate permanently. If the existing disease is permanently aggravated, that result may be the proximate consequence of an accident. Montgomery & E. Rwy. Co. v. Mallette, 92 Ala. 209, 9 So. 363; Louisville & N. R. R. Co. v. Jones, 83 Ala. 376, 3 So. 902; Seaboard Air Line Rwy. Co. v. Standifer, 190 Ala. 260, 67 So. 391; Louisville & N. R. R. Co. v. Wright, 202 Ala. 255, 80 So. 93.

It is apparent that the judgment should therefore stand or fall on the sufficiency of

the evidence upon which it is claimed that the accident could be reasonably attributed to wantonness by appellant.

The evidence without dispute showed that defendant was traveling in a southerly direction on a road much frequented on Sunday afternoon, approaching an elevation and going up-grade, on the top of which the road curved to defendant's left. Plaintiff's car was approaching that of defendant, going in a northerly direction.

Plaintiff's testimony tended to show that his car was traveling at the time of the collision seven to nine miles an hour, and was twenty-five or more feet from the crest of the elevation, and was well to the right of the road when the collision occurred; that defendant's car came over the elevation entirely on its left of the road and squarely ahead of plaintiff's car, and came straight on and collided with it, striking plaintiff's car on its left; and was traveling ten to fifteen or twenty miles an hour, and did not slacken the speed; and that there was the smell of liquor on defendant who was driving his car.

Defendant testified that the collision occurred on the crest of the elevation, when he was entirely on the right side, going at ten to fifteen miles an hour, and had drunk no liquor.

■ If plaintiff's evidence is true, it was not unreasonable to infer that defendant could not see over the hill and approached and passed it at a time and place when he should have anticipated some one approaching him, though he could not see whether so or not, and that it would be dangerous in that event to go over the hill on the left and in the path in which an approaching car would properly take, and in which plaintiff's car was traveling, and that such danger was so apparent that it was reckless in so traveling, and was a conscious or reckless disregard of such danger thus to proceed. So that the question was whether those were the circumstances, and that was for the jury. Defendant's denial of them did not take it from the jury. We do not think it was error to submit the wanton count to the jury, nor that there was reversible error otherwise shown, except as to the motion for a new trial on account of the excessiveness of the damages.

■ After carefully considering the evidence we think that the amount of the damages was so much in excess of a proper amount of recovery as to require that it be reduced, or the judgment set aside. We have concluded that the recovery should not exceed $2,500. And since the refusal of the court to grant a new trial on that ground is the only reversible error, it is ordered that if plaintiff remits all amounts in excess of that sum by filing a remittitur with the clerk of this court within thirty days, the judgment of the circuit court will be affirmed; otherwise it will be reversed and the cause remanded.

Affirmed conditionally.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

■ We do not think that our opinion needs to be amplified in respect to the matters discussed. We did not discuss refused charges E8, E10, and E6. Appellant insists that he was due to have those charges given because the claim for the items of damage there mentioned are only included in a count which was eliminated. This is only true we think when there is something in the trial which could reasonably lead the jury into the belief that notwithstanding such count has been eliminated the claim for damage is still before them.

In this connection appellant has not directed our attention to any evidence which shows that any such item is intended to be included in the claim. The fact that the wife bled from the nose after the collision, or that the doctor treated her for her injuries and came to the house for that purpose, do not show loss by plaintiff of the services of the wife, nor her consortium, nor that plaintiff paid or incurred expense for her medical treatment, and are not sufficient, we think, to mislead the jury into an allowance for them, or any of them.

We do not think appellant was prejudiced by the refusal of the charges, which were abstract in fact.

We are not impressed that there is reversible error shown by the record, and the application for rehearing is overruled.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.