The Western Railway of Alabama appeals a jury verdict and judgment against it for $43,000 by the appellees, Donna Still and William Stacy Still, both minors, and their father, William H. Still. We affirm.
Donna Still and William Stacy Still were passengers in a Volkswagen automobile *Page 1094 
driven by Donna Sue Shepard, age 16. The vehicle wrecked when it crossed a railroad track. The appellees filed suit against the driver of the vehicle and appellant alleging that their injuries were due to the negligent or wanton operation of the automobile in combination with the negligent or wanton manner in which the crossing was maintained. The jury returned a verdict against the appellant only.
Donna Sue Shepard was driving south on Chambers County Highway No. 67 about 6:30 or 7:00 P.M. on April 7, 1975. The visibility was good, the weather was clear, and the road was dry and in good condition. Miss Shepard testified that she was driving about 40 miles an hour before nearing the railroad crossing and slowed down upon approaching it. She said she was going about 30 miles an hour when she traversed the crossing. The purpose of her trip was to take William Stacy to the airport. Miss Shepard admitted she was in a hurry.
Several persons living near the railroad crossing were eyewitnesses to the accident. The sum of their testimony is that the Volkswagen was traveling south between 40 and 70 miles an hour when it crossed the tracks. The county road runs north and south, and the railroad track runs generally east and west. Upon hitting the tracks, the vehicle bounced up and went to the east side of the road. The vehicle then began to skid on its left wheels. It skidded to the western side of the road, crashed into an embankment, and rolled over several times. Two children were thrown from the vehicle when it overturned. There is also testimony that the automobile's wheels left the ground.
An investigating officer arrived at the scene shortly after the accident. He found scuff marks beginning approximately 69 feet south of the tracks on the eastern side of the highway and continued 115 feet over to the western edge of the highway. The marks on the highway were not the result of an application of brakes. It was the officer's opinion that the vehicle was traveling 50 miles an hour when it began making scuff marks on the road.
Both sides introduced experts who testified as to the condition of the road, the railroad crossing, and the cause of the accident. The appellees' expert testified that the grade of the railroad crossing is higher than the grade of the county road. Approaching the crossing from the north, the road has the effect of super elevation and reverse super elevation which tends to pull an automobile to the left as it gets closer to the crossing. Also, going over the crossing faster than 40 miles an hour would produce a ramp effect. In addition, the road curves back to the right as it proceeds south over the crossing. This expert's testimony tends to place the blame for the accident on the design and maintenance of the crossing.
Experts for the appellant conducted experiments by driving across the tracks in a Volkswagen under conditions similar to those of the accident. In their experiments, they crossed the tracks at 50 miles an hour without the automobile's wheels leaving the ground. Their testimony discounts the design of the crossing as a factor in the accident and places the blame on excessive speed. One expert estimated the vehicle was traveling between 55 and 70 miles an hour; the other expert, between 65 and 70 miles an hour.
The experts, the investigating officer, and persons living in the vicinity, eyewitnesses and otherwise, all gave their opinions on what is a safe speed to proceed over the tracks. Their opinions ranged from 15 to 40 miles an hour. The investigating officer further testified that without the railroad crossing the safe speed for the road at that particular point would be between 50 and 55 miles an hour.
Appellant raises three issues on appeal: (1) whether the acts of the appellant's codefendant, Donna Sue Shepard, constitute as a matter of law an intervening agency sufficient to break the causal connection between appellant's negligence and appellee's injuries; (2) whether the court properly instructed the jury on the issue of intervening cause; and (3) whether it was proper to submit to the jury the issue of wanton misconduct on the part of the appellant. *Page 1095 
 I
Appellant argues two reasons why it was entitled to a directed verdict on the issue of intervening cause: (1) it had no reason to foresee or anticipate the negligent misconduct of Donna Sue Shepard, for it had the right to assume that persons using the public roads will operate their vehicles with reasonable care and skill; and (2) any negligence on the part of the railroad only created a condition, or gave rise to the occasion, by which the injury was made possible constituting remote cause.
This court recently addressed the issue of negligent liability and intervening agency in Vines v. Plantation MotorLodge, 336 So.2d 1338 (Ala., 1976), where it stated:
 "Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury. If, between the alleged negligent act or omission and the injury, there occurs an independent, intervening, unforeseeable event, the causal connection between the alleged negligence and the injury is broken. [Citations omitted.]
 "The key here is foreseeability. This court has held many times that a person, who by some act or omission sets in motion a series of events, is not responsible for consequences of intervention of another agency, unless at the time of his original act or omission, the act of the intervening agency could reasonably be foreseen. If so, the casual chain is not broken. If the injury results from an independent intervening, efficient cause, not reasonably foreseeable, the original negligent act or omission is not the proximate cause of injury." [Citations omitted.] 336 So.2d at 1339.
It is only when the facts are such that reasonable men must draw the same conclusion that the question of proximate cause is one of law for the courts. Morgan v. City of Tuscaloosa,268 Ala. 493, 108 So.2d 342 (1959) and authorities cites therein. Normally, questions must go to the jury, if the evidence, or any reasonable inference therefrom, furnishes a scintilla in support of the theory of the complaint. Alabama Power Co. v.Taylor, 293 Ala. 484, 306 So.2d 236 (1975); Rule 50 (e), ARCP.
Applying the above principles to this case, this court cannot say as a matter of law that the facts show the actions of Donna Sue Shepard were an unforeseeable intervening cause. The appellant is charged with an affirmative duty to put and keep railroad approaches and crossings in proper repair for the use of the traveling public. Alabama Great Southern Railroad Co. v.Bishop, 265 Ala. 118, 89 So.2d 738 (1956); L. N. R.R. Co. v.Hubbard, 148 Ala. 45, 41 So. 814 (1906). It obviously knows that persons will travel in automobiles over the crossing. This necessarily includes the knowledge that in the course of human conduct some people will break the speed limit. In such a case, the jury must decide whose actions are the proximate cause of the injury, or whether both party's actions concurred and combined to proximately cause the injury.
In this case, the evidence does not conclusively show that Donna Sue Shepard was negligent. In addition, there was only a general verdict against the appellant and it is impossible to ascertain whether that verdict was decided on a lack of wanton misconduct by Donna Sue Shepard or a lack of negligence by her.[1]
A jury question was presented. Rule 50 (e), ARCP. Accordingly, this court only holds that the actions of Donna Sue Shepard do not as a matter of law constitute an efficient intervening cause between appellant's negligence and appellees' injuries. The trial court correctly refused to grant appellant a directed verdict. *Page 1096 
 II
During the course of its deliberations, the jury returned seeking further instructions from the trial court. The record reveals the following exchange:
"EXHIBIT A — QUESTION OF THE JURY —
 "`What is the law when the railroad and Donna Sue Shepard are both found inattentive; and who will be responsible for the damages?'
"/s/ Horace Owens, Foreman."
 "COURT — Gentlemen, in response to your question, the only way I can respond to that question is to reiterate part of my charge, which I now do. And listen to this carefully.
 "When both parties are negligent, as I have defined it to you, then the verdict will be against the railroad.
. . ."
Appellant maintains the charge of the court is erroneous. At page 42 of its brief, appellant states:
 ". . . The Judge should have told the jury that if the defendants were concurrently negligent, and if the negligence of the Railroad was a proximate cause of the accident, then the verdict would be against the Railroad. As given, the Judge's instruction omits the issue of proximate cause, and incorrectly calls on the jury to find against the Railroad, even though its negligence may have been only a remote cause of the injury."
The trial court specifically referred the jury to its previous charge on negligence. In that charge, the court stated:
 "First, I would like to say, that negligence of two persons may combine and concur to proximately cause injuries or damages. Causes concurred and combined when they are joined together produce a given result. If you are reasonably satisfied, from the evidence in this case, that both of the defendants were negligent, and their negligence concurred and combined and proximately caused the damages complained of, then you would render a verdict against Western, but not against Donna Sue, as far as negligence goes.
. . . . .
 ". . . If you are reasonably satisfied from the evidence, that the negligence, if any, of Donna Sue was the sole proximate cause of this accident, you must return a verdict for the railroad. In other words, they say that Donna Sue was solely responsible for the accident. This is one of their defense. So, if you are reasonably satisfied from the evidence, that Donna Sue was negligent, or had wanton misconduct and that proximately caused the accident by itself, then you must render a verdict for the railroad. But, if you believe the negligence of each contributed and proximately caused the accident, then you must find against the railroad, and for the Plaintiff.
. . . . .
 "I mentioned proximate cause. Let me define that to you. The proximate cause of an injury, is that cause, which is the natural and probable sequence of events, and, without the intervention of any new or independent cause, produces the injury and without which, the injury would not have occurred.
. . ."
We have examined the entire charge which includes the above quoted parts. We find that the jury was adequately charged on the issues of proximate cause and concurrent liability.
 III
This brings us to the question of wantonness. The appellant railroad contends that the wanton count should never have been submitted to the jury because the plaintiff did not submit any evidence that the Railroad had knowledge that its act or omission would likely injury someone.
 "`Wantonness' has been defined by this court as: `the conscious doing of some act or the omission of some duty under the knowledge of existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. [Citations omitted.] *Page 1097 
 "`Knowledge need not be shown by direct proof but may be shown by adducing facts from which knowledge is a legitimate inference. [Citations omitted.'" Tolbert v. Gulsby, 333 So.2d 129, 131-132 (Ala., 1976).
A wantonness count can go to the jury if there is a scintilla of evidence to support it. Tolbert v. Gulsby, supra; Kilcreasev. Harris, 288 Ala. 245, 259 So.2d 797 (1972).
In this case, the jury could conclude that the railroad crossing was maintained in a negligent fashion and that the railroad knew of this because of bi-weekly inspections by its roadmaster. Additionally, the jury viewed the scene of the accident and knowledge it may have acquired while there, though unreported, is proper evidence. Whaley v. Sloss-Sheffield S. I. Co., 164 Ala. 216, 51 So. 419 (1909); McElroy, The Law of Evidence in Alabama, Volume Two, Section 208.01, p. 129, 130.
The duty of the railroad to maintain its crossing in proper repair for the traveling public and its bi-weekly inspection of the premises are sufficient facts from which the jury could infer knowledge by the railroad of the attendant circumstances constituting negligent conduct. It was not error to submit the wanton count to the jury. Tolbert v. Gulsby, supra; Kilcreasev. Harris, supra.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, JONES and EMBRY, JJ., concur.
[1] Donna Sue Shepard could be found guilty only if her actions constituted wanton misconduct due to Alabama's Guest Statute. Tit. 36, § 95, Code of Alabama 1940, Recompiled 1958.