# Jones v. Williams.

### Statutory Action of Ejectment.

1. *Abstract charge to jury.*—Charges to the jury, asserting correct propositions of law, but which are abstract, will not operate to reverse, and will not be declared erroneous, unless it affirmatively appears that they worked injury to the complaining party, although it is never error to refuse such charges.

2. *Adverse possession; admission against claim.*—When a party has had adverse possession of land for a period sufficient to vest title, an admission after that period, that the title is in another, will not operate to divest the title out of the party making the admission. But such an admission, whether made during or after the expiration of a period sufficient to ripen an adverse possession into a perfect title, is admissible in evidence, and may be looked to by the jury in determining whether the possession was actually adverse, or was subservient to the true title.

3. *Limitation under § 546 of the Code of 1867.*—Section 546 of the Code of 1867, prescribing a period of limitations for redemption by minors, of lands sold for taxes, has no application to an action for the land.

4. *Motion for a new trial on grounds that the verdict is contrary to the evidence, and on newly discovered evidence.*—The refusal by the lower court to grant a motion for a new trial, based upon the grounds (1) That the verdict is contrary to the law and the evidence, and (2) newly discovered evidence, will not be disturbed where the evidence is conflicting upon questions of fact, and no reason or excuse is shown why the evidence relied upon for the motion, was not produced at the trial.

5. *Irregularity of judgment; correction on appeal.*—Where in an action of ejectment, there is a verdict for the plaintiff for an undivided one third interest in the land sued for, and the judgment follows the verdict as to the recovery, but orders a writ of possession for the "land sued for," the error will be corrected here.

APPEAL from Crenshaw Circuit Court.

Tried before Hon. J. M. Carmichael.

The facts of this case are stated in the opinion. The points decided, relate to the charges of the lower court, which were as follows: (1) If the plaintiff's father was in possession of the land at the time of his death, claiming and using them as his own, and plaintiff was

at that time an infant, he would have three years after he reached his majority, within which to bring his suit, unless at the commencement of the suit, the defendant had been in possession of the lands, claiming and using them as his own, for a period of twenty years. (2) If the jury believe from the evidence, that the defendant did at any time, during his possession of the lands sued for, admit that the title of the land was in the plaintiff, then they may consider that admission in determining the defendant's adverse possession. The court refused to give the following charge requested in writing by the defendant. If the jury believe from the evidence, that this land in controversy, was sold for its taxes and if they further find that at the time said land was sold for taxes, the plaintiff was a minor, then he would only have two years after he became twenty-one years old to bring suit for the land.

It is unnecessary to set out the matters contained in the affidavits offered by the defendant upon his application for a new trial.

From a judgment for the plaintiff, the defendant appealed.

M. W. RUSHTON, for Appellant.

I. H. PARKS, *contra.*

HEAD, J.—The action is statutory ejectment to recover land. The plaintiff claims as one of the heirs of his deceased father, in whom the legal title was confessedly vested, at the time of his death, which occurred in 1872 or 1873, according to the testimony. The defendant purchased the land at a tax sale, in 1869, procuring only a certificate of purchase; and he claims that he took possession, at once, and has held it adversely ever since. Other witnesses testify that he has been in possession since 1873, while others testify that the widow of decedent occupied it until 1874. The suit was instituted on December 19th, 1893. The testimony was also in conflict as to the plaintiff's age, there being evidence tending to show he was only 22 years old, at the time of the institution of the suit, and other evidence tending to show he was over 24 years of age, at that time. There was a verdict for the plaintiff, and the errors assigned

relate to rulings upon charges, and the imposition of terms upon granting a new trial to the defendant, the appeal having been taken by him. The case presents no new or difficult questions, and the appeal may be determined by familiar principles of law which have time and again found expression in our decisions.

1. That portion of the oral charge, to which exception was reserved, simply asserts in substance what the statute (Code, § 2624) prescribes as the rule of limitation with reference to bringing suit by a person who was a minor when his right accrued. The objection that the charge was, in part, abstract, if conceded, would not operate to reverse. We do not declare such charges when given to be erroneous unless it affirmatively appears they worked injury to the complaining party, although it is never an error to refuse such charges.

2. One of the controverted questions was whether defendant's possession was hostile to, or in recognition of, plaintiff's title as an heir of his deceased father. There was evidence tending to show that in August, 1892, he admitted the land belonged to the plaintiff. It is true, as contended by appellant, that if, in point of fact, a party has had adverse possession of land for a period sufficient to vest title, an admission after that period, that the title is in another, will not operate to divest the title out of the party making the admission.—*Lee v. Thompson*, 99 Ala. 95. This principle in no wise conflicts with the other proposition, that an admission of the kind mentioned, whether made during or after the expiration of a period, sufficient to ripen an adverse possession into a perfect title, is admissible in evidence, and may be looked to by the jury in determining whether in reality the possession was actually adverse or subservient to the true title. We so expressly decided in *Trufant v. White*, 99 Ala. 526. The charge given at the instance of the plaintiff did no more than assert this proposition. We have often said that charges declaring that the jury may look to, or consider this or that piece of evidence, upon this or that issue, may properly be refused. At the same time, it is not necessarily error to give them. In this instance the court merely stated, in words, the necessary effect of allowing the admission of the defendant to go to the jury.

3. The conflict in the evidence, as to the character of

defendant's possession, whether hostile or in recognition of plaintiff's title, was sufficient of itself to justify the court in refusing the affirmative charge requested by the defendant. There was also conflict as to the duration of defendant's possession, and upon the other controverted question of fact, that is whether plaintiff was 22 or 24 years old when he sued.

4. Section 546 of the Code of 1867, the only statute cited as authorizing the instruction asked by the defendant, to the effect that plaintiff would have only two years within which to sue for the land, after he became twenty-one years old, if it was sold for taxes, and the plaintiff was a minor, clearly has no application. That section relates to the period of redemption from tax sales. Besides, when the land in controversy was sold for taxes, it did not belong to the minor, but to his father.

5. The defendant moved for a new trial upon two grounds: (1.) That the verdict was contrary to the law and the evidence. (2.) Newly discovered evidence. Presumably in support of the second ground, numerous affidavits are found in the record, containing statements relevant to the issue of fact litigated upon the trial. The court granted the motion, upon the payment of all costs within sixty days as a condition precedent. The defendant declined to comply with the terms imposed and insists he was entitled to a new trial, unconditionally, as a matter of right. As above indicated, the testimony was in direct conflict upon the questions of fact, presenting a case peculiarly within the province of the jury to decide. Referring to the second ground, no reason or excuse whatever is shown why the persons who furnished affidavits were not examined as witnesses, and we find nothing to indicate that their evidence was newly discovered within the rule. Under these circumstances a refusal of the motion outright would not have been disturbed by us. The defendant, therefore, cannot be heard to complain that the court imposed the terms stated in granting his motion.—*K. C. M. & B. R. R. Co. v. Phillips*, 98 Ala. 159.

6. The verdict in favor of the plaintiff was for an undivided one-third interest in the land sued for, and the judgment follows the verdict as to the recovery. It orders, however, that a writ of possession issue for "the land sued for." Section 2882 of the Code entitles a suc-

cessful plaintiff, in a suit for the possession of land, to a writ of possession without any order to that effect in the judgment. Inasmuch, however, as the judgment undertakes to order the writ, and in doing so, does not limit to the interest recovered, we will correct the entry to that extent, to prevent any confusion or injustice to the defendant. Such clerical errors, even when affecting the judgment, in respect of the recovery, are corrected here. They do not require a reversal. We find no reversible error, and the judgment, as corrected, is affirmed.