[Varnon v. Nabors.]

# Varnon *v.* Nabors.

## *Assumpsit.*

(Decided November 7, 1914.  66 South. 593.)

1. *Vendor and Purchaser; Acceptance of Property; Effect.*—Where a purchaser accepts or keeps the premises with knowledge that, as to quantity, it is not in accordance with the sales contracts, he thereby renounces the right to reject the premises entirely, but reserves only the right of recoupment for partial failure of consideration.

2. *Same.*—A purchaser retaining and using the property for several months with knowledge that it did not embrace a relatively small parcel stipulated for in the contract, forfeits his right to rescind the contract, and cannot defeat an action on a note for the purchase price by proving the deficiency.

3. *Same.*—Where a purchaser relies on a deficiency in quantity as a defense to an action on a note for the price of his purchase, a replication merely alleging the fact of defendant's waiver by keeping the premises with knowledge of the deficiency in quantity, met the defense interposed.

4. *Same; Action for Purchase Money; Pleading.*—Where defendant purchaser relied as a defense upon a deficiency in the quantity of the premises purchased, a replication averring performance of the contract by a conveyance of all the lands stipulated for as far as plaintiff knew, was rendered bad by the qualification.

5. *Same.*—Where a purchaser is sued for the price of property purchased, he may show the actual consideration of the note and what land was pointed out to him as the subject matter of the sale, and also show that the deed did not convey the land so pointed out.

6. *Same; Evidence.*—Where an action on the note given for the purchase price of land is defended on the theory that defendant did not obtain a deed to all of the land pointed out, evidence that defendant had backed out of other trades, was immaterial.

7. *Contracts; Breach; Replication; General Issue.*—A replication which sets up versions of contract relied on, substantially contradictory of the version of the contract as set up in the pleas, is in effect a plea of the general issue, and not demurrable.

8. *Pleading; Reference to Pleading by Adoption.*—Although the practice of embodying in one count or plea the whole or part of another count or plea by reference to and adoption of the whole or some part thereof, is legitimate, a special plea to an action on a note which avers that the note was given for the price of land pointed out to defendant as described in another plea which is referred to and adopted by such plea, cannot be sanctioned; the

[Varnon v. Nabors.]

plea must stand solely on its own averments, and when so considered is demurrable.

9. *Appeal and Error; Review; Assignments.*—Where one of the replications was bad, and the others amounted only to the general issue, and a general demurrer was generally sustained thereto, a general assignment of error not limited to the elimination of the pleading as a reply to any particular pleas, cannot be sustained on appeal.

10. *Same; Request for Instruction.*—Where a charge states a correct abstract proposition of law, but may be misleading as applied to some phases of the evidence, its giving will not constitute reversible error; the remedy being to request an explanatory instruction.

11. *Same.*—Where an instruction is justified by the evidence the court will not be put in error for failing to give an explanatory charge in the absence of a request for an appropriate explanatory charge.

12. *Trial; Striking Out Evidence.*—Where the trial court ruled out the testimony of two of defendant's witnesses previously admitted over the objection of plaintiff, plaintiff was entitled to have the jury instructed specifically not to consider the testimony of those witnesses.

13. *Charge of Court; Explanatory Instruction.*—A charge that under the evidence, the jury is authorized to find a verdict for defendant, should not be given without explanation as it is liable to mislead.

Appeal from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by F. L. Varnon against J. R. Nabors. From a judgment for defendant, plaintiff appealed to the Court of Appeals, whence the cause was transferred to the Supreme Court. Reversed and remanded.

The action was upon a promissory note for $50. Plaintiff recovered judgment in the justice court, but on appeal to the circuit court there was jury and verdict for defendant. While the pleadings are extensive and voluminous, all the issues are comprehended in the following pleas and replication:

Plea 4. Defendant avers that the note or instrument upon which this suit is based is void for want of consideration, in that it was given for the purchase money of lands pointed out to defendant as is described in plea 1, which is referred to and adopted in this plea,

and defendant avers that plaintiff failed and refused to make. him a good deed to all the land pointed out to him, and defendant avers that said note was executed upon the express agreement that plaintiff would make him a deed as pointed out to him by plaintiff which he has failed and refused to do. (Verified.)

Plea 8. There has been a failure of consideration for said note, in this, that said note was executed by defendant and delivered to the Millport State Bank, and was to be a part of the purchase money of a certain lot or parcel of land in Millport as described in the 1st plea, and was to be delivered to plaintiff upon condition that plaintiff would make and execute to defendant a good and sufficient deed to the said lot of land, and defendant avers that plaintiff failed to make a good and sufficient deed to said land.

Replication 5. That plaintiff agreed to and did sell the lot, together with the improvements thereon, to defendant for the sum of $700, said lot being in the town of Millport, and that he only agreed to sell such land as was conveyed to him by the deed from Atkins, and that defendant inspected said deed, and agreed to accept the description of land as stated in said deed, and that defendant executed the note in controversy as a forfeiture if he did not accept the same, and plaintiff alleges that he complied with every part of said agreement of said sale, and that defendant refused to accept the same.

The case went to the jury on pleas 4, 5, 6, 7, 8, 9, 10, 12, and 13, and replication 5 thereto. The trial court declined to give the peremptory instructions for plaintiff on each of the pleas, and on the whole case.

The following charges were given at the instance of defendant:

[Varnon v. Nabors.]

(1) Under the evidence in this case, you are author-ized to find a verdict in favor of defendant. · (2) The court charges the jury that if they are·reasonably sat-isfied from the evidence that there was no considera-tion for the note sued on, it is their duty to return a verdict for defendant.

There were numerous exceptions to the rulings on the evidence, which are sufficiently referred in the opin-ion.

W̱ALTER L. THOMPSON, and WALTER NESMITH, for ap-pellant.

J. C. MILNER, for appellee.

SOMERVILLE, J.—This action, which is founded upon a simple promissory note ̄for $50, seems to have elicted a prolixity and verbosity of pleading on the part of opposing counsel which is worthy of a larger, if not a better, cause. Indeed, after a perusal of this record, we are forcibly reminded of the humorous plaint of Chief Justice Bleckley, of Georgia, concerning a simi-lar case. Said he: "In the ornithology of litigation this case is a·tomtit, furnished with a garb of feath-ers ample enough for a turkey. * * * It seems to us that a more contracted plumage might serve for so small a bird, but perhaps we are mistaken."

But, to quote the Chief Justice further: "In every forensic ·season, we have a considerable flock of such cases, to be stripped and dissected for the cabinets of jurisprudence. We endeavor to pick our overfledged poultry with judicial assiduity and patience."—*Lukens v. Ford*, 87 Ga. 542, 13 S. E. 951.

As clearly shown by the evidence, the only disputed issue in the case was whether the plaintiff pointed out

to the defendant, as the subject-matter of the sale, other land or more land than was embraced in the deed which the plaintiff tendered to the defendant in the execution of the plaintiff's part of the agreement.

The tender of such a deed conveying a good title was, under the evidence, a condition precedent to the defendant's obligation to accept the land, and to his liability to pay the $50 note. But a condition precedent may be waived by the party entitled to insist upon it; and when a vendee accepts, or thereafter keeps bought property which is not, as to quantity, in accordance with such a condition, having knowledge of such variance, he thereby effectually renounces the right of recoupment for a partial failure.

The defendant's testimony on this subject is: "I saw the deed and know when Mr. Varnon made it. I looked at it, looked at it the second time. I did not tell him I was satisfied with the deed. When I found out it did not contain all the land I thought it did, or what was sold to me, I told him I was not satisfied. I was still in possession of it. I moved down on it immediately after that, and I was in possession three or four months, possibly. * * * I never got possession to the wire fence. The owners of it turned me off. I got the house. I took possession of the land embraced in the deed, but I did not get what he sold me. * * * I don't know when I gave him notice that I would not take it. It was some time before I got off of it."

In *Coleman v. First Nat. Bank,* 115 Ala. 307, 213, 33 South. 84, 85, it was said: "It seems to be a principle of universal recognition that if a party desires to abandon or rescind a contract, by reason of a breach of it by the opposite party, or his inability to comply, [he] must act promptly and decidedly, upon the first discovery of the cause of rescission.'"

All the authorities in fact so hold, and, on the uncontradicted statement of the defendant himself, his retention and use of the property for several months, with knowledge that it did not embrace a relatively small parcel stipulated for, forfeited his right to abandon or rescind the contract of purchase.

The defendant's special pleas expressly assert the plaintiff's breach of the condition precedent to the defendant's liability on the note. This assertion was prima facie a good defense, and if true could be met only by a plea of confession and avoidance. Had the plaintiff filed such a replication affirming simply the fact of the defendant's waiver of that condition by keeping the land with knowledge of its deficiency in quantity, the plaintiff would unquestionably have been entitled on the whole evidence to the general affirmative charge.

But replication 5 was patently inapt as to this mode of avoidance, and was also incumbered with matter of traverse.

Hence, as the issues were framed and submitted, they rested upon disputed facts, and the general charge on the whole case was properly refused.

Replication 1 was clearly bad as to those pleas which assert only a conditional delivery of the note; and, as to those pleas which deny any delivery to the plaintiff, it was no more than the general issue. The demurrer to this, as also to replication 2, 3, and 4, was sustained generally, and the assignment of error is also general, and is not limited to the elimination of the pleading as a reply to any particular pleas. The assignment cannot, therefore, be sustained.

Replication 2 was bad in that its averment of performance was qualified by the statement that the deed

tendered to the defendant contained all the lands stipulated for, so far as the plaintiff knew.

Replications 3 and 4 set up versions of the contract of sale substantially contradicting the version of that contract as set up in the pleas. They were therefore, in effect, pleas of the general issue, and not subject to the demurrers. And, as there was no purely formal plea of the general issue on file their elimination on demurrer was prejudicial error.

Replication 4 avers also that the defendant entered into the possession of the land and retained it until dispossessed by suit. It might by appropriate amendment serve as a plea of waiver of the condition precedent, but is clearly not apt for that purpose in its present form.

Several of the defendant's pleas confuse the wholly distinct theories of an original absence of consideration, and a subsequent failure of consideration. It sufficiently appears, however, from the facts averred, that these pleas assert either a subsequent failure of consideration, or the breach of a condition precedent.

The practice of embodying in one count or plea the whole or a part of another count or plea on file in the case, by reference to and adoption of the whole or some definite part thereof, is fully established in this state as a legitimate mode of pleading. We cannot, however, sanction the practice exemplified, by special plea 4, of averring that the note "was given for the purchase money of lands pointed out to defendant, as described in plea No. 1 which is referred to and adopted in this plea." This plea must therefore stand solely upon its own averments, and, thus considered, it was clearly subject to several of the grounds of demurrer, which should have been sustained.

[Varnon v. Nabors.]

It was competent for the defendant to show the actual consideration for the note sued on, and to show what land was pointed out to him as the subject-matter of the sale; and to illustrate this, by a diagram of the land shown to be correct. And he was properly allowed to say that he did not get a deed to the land. That the defendant had "backed out of other trades," if so, was wholly immaterial to the issues, and the plaintiff was properly prevented from showing it.

Other rulings on the evidence which are assigned for error were so manifestly correct as not to justify discussion.

The trial court at the conclusion of the defendant's evidence ruled out in toto the testimony of two of his witnesses, which had been previously admitted over the plaintiff's objections. Before the jury retired, the plaintiff requested in writing an instruction to the jury that they could not consider the testimony of these witnesses in arriving at a verdict, which was refused. We think the plaintiff was entitled to such an instruction, and that its resufasal was error.

Charge 1, as given for the defendant, was certainly capable of misleading the jury into the belief that the trial judge was instructing them to find for the defendant, and such a charge ought not to be given without explanation. However, it was subject also to interpretation in the sense evidently intended by the court, viz., that there was sufficient evidence to justify a verdict for the defendant, if they should so find.

In such cases, as often declared by us, the trial court will not be put in error unless it refuses to give an appropriate explanatory charge at the request of the other party.

Charge 2, given for the defendant, states a correct legal proposition; and, if misleading as applied to some

phases of the evidence, the plaintiff should have re-
quested an explanatory charge.

As the case must be reversed for the reasons pointed
out, other rulings need not be noticed.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ.,
concur.