(80 South. 93)

## LOUISVILLE & N. R. CO. v. WRIGHT.
(8 Div. 123.)

(Supreme Court of Alabama. Nov. 21, 1918.)

1. DAMAGES ☞33—AGGRAVATION OF PREVIOUS INCURABLE DISEASE.

A railroad may be liable, under Federal Employers' Liability Act (U. S. Comp. St. 1916, §§ 8657–8665), for death of an employé from injuries caused by sudden stop of train, although employé was suffering from a slow, but incurable and fatal, disease, and although the shock received would have been of no serious consequence to a man in sound health.

2. MASTER AND SERVANT ☞217(1)—ASSUMPTION OF RISK.

A servant assumes all the risks which he is capable of appreciating, remaining after master has exercised reasonable care for his safety.

3. MASTER AND SERVANT ☞217(1)—ASSUMPTION OF RISK—"ORDINARY RISK."

An ordinary risk assumed by an employé who appreciates its hazard is one which remains after the employer has exercised reasonable care for the safety of his employés.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ordinary Risk.]

4. MASTER AND SERVANT ☞288(1)—ASSUMPTION OF RISK—JURY QUESTION.

Whether a risk is one which remains after the master has exercised reasonable care for the safety of his employés is a question of fact, and is generally for the jury; but, where there is no sufficient evidence to warrant the opposite conclusion, the court will declare the risk to be of such a character.

5. MASTER AND SERVANT ☞262(4)—CONTRIBUTORY NEGLIGENCE — NECESSITY OF PLEADING.

Under Federal Employers' Liability Act (U. S. Comp. St. 1916, §§ 8657, 8659), a railroad being sued for death of employé, need not specially plead contributory negligence.

6. APPEAL AND ERROR ☞1066 — REVIEW — HARMLESS ERROR.

In action against railroad for death of employé, under Federal Employers' Liability Act (U. S. Comp. St. 1916, §§ 8657–8665), an instruction defining law of contributory negligence was a mere abstraction, where there was no evidence of such negligence, and was not prejudicial to defendant railroad.

7. APPEAL AND ERROR ☞1033(5)—REVIEW—HARMLESS ERROR.

In action against railroad for death of employé, under Federal Employers' Liability Act (U. S. Comp. St. 1916, §§ 8657–8665), court's statement that railroad insisted upon plea of contributory negligence, where in fact no such plea had been interposed, was not prejudicial to railroad.

8. APPEAL AND ERROR ☞763—ASSIGNMENTS OF ERROR—WAIVER—SUPPLEMENTAL BRIEF.

Assignments of error argued for first time in appellant's supplemental brief, filed after the cause had been submitted, cannot be considered, although in original brief appellant stated that it insisted on all assignments of error, and would later file a supplemental brief.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by Mollie Wright, administratrix, against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Eyster & Eyster, of Albany, for appellant. Callahan & Harris, of Decatur, for appellee.

SAYRE, J. [1] This suit was prosecuted to judgment by appellee under the Federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1916, §§ 8657–8665). Counts 5 and 6, upon which the case was submitted to the jury, alike charged in the very general terms allowed by the statute that plaintiff's intestate suffered injury by reason of defendant's negligence in the operation of its freight train upon which said intestate was at the time engaged in the performance of duties he had been employed by defendant to perform. They differ in this: In count 5 plaintiff sought to recover the pecuniary loss suffered by decedent's surviving widow and children, while count 6 sought to recover damages suffered by deceased in his lifetime. This joinder was not questioned. Louisville & Nashville v. Fleming, 194 Ala. 51, 69 South. 125; St. Louis, Iron Mountain, etc., v. Craft, 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160. The case having some support in the evidence was that, by reason of the negligence of defendant's engineer in bringing his train to a sudden and violent stop, plaintiff's intestate was thrown against a railing on the caboose on the platform of which, in the discharge of his duty, he was riding, and received injuries which caused, or aided in causing, his death. In view of some suggestions in the brief, it may be well enough to state that while the evidence went to show without conflict that at the time of his injury, and, for that matter, at the time when he entered the service of defendant, plaintiff's intestate was afflicted with a slow but incurable and fatal disease of the kidneys, the jury were authorized to find that the shock received by him, though it would have been of no serious consequence to a sound man, in his condition aided and expedited his death. Other necessary conditions found, this would justify a verdict holding defendant to liability as an efficient agent in causing the death of plaintiff's intestate. Thompson v. Louisville & Nashville, 91 Ala. 496, 8 South. 406, 11 L. R. A. 146.

[2-4] The main proposition of the appeal is that the trial court erred in refusing the general charge requested by the defendant in proper form, this on the ground that the evidence established without dispute defendant's plea of assumption of risk. The servant or employé assumes the risks necessarily incident to his employment, for such risks cannot be obviated by the master or employer; but this statement, though not infrequently met, does not express the full meaning of the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rule, the more approved statement of which (aside from the requirements of those cases in which the servant is incapable of appreciating the hazards to which he is exposed) is that "a servant assumes all the ordinary risks which are incidental to his employment." 1 Labatt, § 259, notes. And that risk is an ordinary one which remains after the master has exercised reasonable care for the safety of his servant. The question whether a risk is ordinary, depending upon that of reasonable care, and being, therefore, one of fact, is generally for the jury, though the court will declare the risk to be an ordinary one whenever it is of opinion that there is no sufficient evidence to warrant the opposite conclusion. Id. § 261. This brings us back to the question whether, every relevant and material thing considered, the evidence afforded warrant for a finding that there was negligence in defendant's method of stopping its train on the occasion when plaintiff's intestate is alleged to have received an injury which contributed to his death. Considering the record in this case in the light of the foregoing statement of the law, we are unable to deny such warrant, though the jury might well have found differently. Generically, as the Supreme Court of the United States said in the analogous case of Louisville & Nashville v. Stewart, 241 U. S. 261, 36 Sup. Ct. 586, 60 L. Ed. 989, what is said to have happened to plaintiff's intestate was the kind of thing that was likely to happen from the shock of too sudden a stop, so that defendant was liable for the consequences. We are unable hence to affirm error of the ruling under review.

[5-7] Other assignments of error argued in the brief are based upon the contention that the trial court erroneously and prejudicially charged the jury on the subject of contributory negligence, whereas there was no such plea in the case. While there can be no objection to a properly framed plea of contributory negligence when such negligence is pleaded in bar as the sole cause of injury, we apprehend there is no necessity for such plea under the statute (U. S. Comp. Stat. §§ 8657, 8659), the result of which seems to be that the plea of not guilty puts the question of contributory negligence before the jury. Conceding that there was no evidence of contributory negligence, the action of the court in giving the law of such negligence in charge to the jury placed before them a mere abstraction, and we are unable to say that this action operated to the prejudice of the defendant appellant, or that the court's statement that defendant insisted upon the plea of contributory negligence, no such plea being interposed, had that effect.

[8] Under the settled rule of this court assignments of error argued for the first time in appellant's supplemental brief, filed after the cause had been submitted, cannot be considered. Hamilton v. Cranford Mercantile Co., 78 South. 401,[1] and cases there cited. Appellant's statement, in its original brief, that it insisted on all of the assignments of error, and would later file a supplemental brief, cannot avail to bring such assignments into consideration. Otherwise, the rule to which we have referred would in short order come to naught.

Affirmed.

McCLELLAN, SOMERVILLE, and GARDNER, JJ., concur.