(93 South. 829)
### BIERLEY v. SHELBY IRON CO.
### (7 Div. 232.)

(Supreme Court of Alabama. June 22, 1922.)

**1. Master and servant ⬡217(1) — Risk of known danger assumed.**

An employé is deemed to have assumed all risks naturally and reasonably incident to his employment; the danger being obvious to or understood by him.

**2. Master and servant ⬡226(1)—Risk of employer's negligence not assumed.**

An employé does not assume a risk created by the employer's negligence.

**3. Master and servant ⬡262(3)—Plea of assumption of risk of explosion in blast furnace held insufficient.**

In an action by one employed as a filler of a blast furnace, for injuries through an explosion of gas caused by material in the furnace becoming clogged and slipping down, a plea of assumption of risk, averring that such slips are frequent in all blast furnaces, and that plaintiff knew that such slips were liable to occur when he accepted the employment, held demurrable for failure to show that the risk was an ordinary one, or normally incident to the employment, or that the frequent occurrence of such explosions was not due to negligence on the part of the employer.

**4. Appeal and error ⬡1058(3)—Exclusion of evidence not prejudicial, where elicited from other witnesses.**

Error cannot be assigned on the exclusion of evidence, where the full benefit of the excluded testimony was obtained by eliciting it from another witness.

**5. Appeal and error ⬡216(3)—Misleading instruction harmless error, where subject to explanation by countercharge.**

In a servant's action for injuries, an instruction that if the jury was in confusion as to the issues drawn they could not find for plaintiff, while misleading, held not reversible error, since it could have been explained by a countercharge.

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Trial ☞237(6)—Instruction held erroneous as requiring too high a degree of proof.**

A charge that if the jury found that the evidence of plaintiff predominated in his favor they could not find a verdict for plaintiff, unless such evidence was sufficient to "satisfy" the jury that he should recover, *held* erroneous, as imposing too high a degree of proof; it being only necessary for plaintiff to reasonably satisfy the jury.

Appeal from Circuit Court, Shelby County; A. B. Foster, Judge.

Action for damages by H. F. Bierley against the Shelby Iron Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Plea 6 reads as follows:

"Defendant avers that on or about the 28th day of July, 1917, it was engaged in the manufacture of pig iron at Shelby, in Shelby county, Ala., and that on or about said date H. F. Bierley, the plaintiff in this cause, was in defendant's employment as a filler, it being his duty to roll upon a wagon, or cart, or two-wheel cart, ore, lime rock, and charcoal, and empty the same in the hopper of furnace No. 2, and defendant avers that on said date there was a slip in said furnace, that is, the said lime rock, charcoal, and iron ore became clogged in said furnace for a time, suddenly slipped down for several feet in said furnace, which caused gas to escape through the explosion doors which are placed on the down comers for the purpose of permitting said gas to escape; and defendant avers that said slips are frequent in all blast furnaces, and that the plaintiff, Bierley, well knew that said slips were liable to occur when he accepted his said employment; and defendant avers that at the time said gas escaped the said plaintiff, instead of remaining at the place assigned to him to work, where he would have been free from danger, left his said place of work, and in going down from the top of said furnace walked to or came into said escaping gas and received the injuries complained of; and defendant avers that said plaintiff was guilty of such contributory negligence which proximately caused his said injuries."

Riddle & Ellis and Longshore & Koenig, all of Columbiana, for appellant.

Pleas of contributory negligence and assumption of the risk must state the facts constituting the alleged negligent act or assumption of the risk. 135 Ala. 571, 33 South. 687; 166 Ala. 471, 52 South. 35; 128 Ala. 217, 29 South. 182; 170 Ala. 565, 54 South. 184; 175 Ala. 49, 56 South. 731; 149 Ala. 474, 42 South. 1019. It was error to charge the jury, at defendant's request, that if, after consideration of the evidence, the jury are confused, they cannot find for the plaintiff. 17 Ala. App. 481, 86 South. 113; 183 Ala. 265, 62 South. 813. The charge, given for defendant, that if the evidence for plaintiff preponderated still the jury could not find for

the plaintiff, unless such evidence satisfied the jury that plaintiff should recover, was error. 152 Ala. 626, 44 South. 1029; 144 Ala. 524, 41 South. 612; 38 Cyc. 758; 17 Ala. App. 481, 86 South. 113; 183 Ala. 265, 62 South. 813. An employee does not assume a risk created by the employer's negligence. 135 Ala. 401, 33 South. 181; 132 Ala. 444, 31 South. 527; 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127; 3 Elliott on R. R. § 1288.

Leeper, Haynes & Wallace, of Columbiana, for appellee.

The charge given for defendant, that the jury could not find for plaintiff if they be confused after consideration of the evidence, was not reversible error. 183 Ala. 265, 62 South. 813; 179 Ala. 176, 60 South. 107. Counsel discuss other questions, but without citing additional authorities.

GARDNER, J. Appellant (plaintiff in the court below) sustained injuries while at work for appellee on the top of its furnace stack, and brought this suit to recover damages therefor. This is the second appeal in this cause. Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 South. 806.

The cause was tried upon counts lettered from A to I, inclusive. Some of these counts rested for recovery upon the negligence of one Wilson, as superintendent of the defendant company, and others upon the negligence of one Keeling in the exercise of superintendence. Counts H and I are wanton counts, resting for recovery upon the wanton, willful, or intentional conduct of Keeling and Wilson, respectively. Count A predicates liability upon the averment that the furnace stack was defective, and counts B and C upon the negligent failure of the defendant to furnish plaintiff a reasonably safe place to work, and the negligent failure of the defendant to maintain and keep the place of work reasonably safe. Numerous pleas were interposed, setting up contributory negligence, and pleas 6 and 7 the defense of assumption of risk. Demurrers to the pleas of contributory negligence were sustained as answers to the wanton counts, and also sustained as to pleas 6 and 7, in so far as they attempted to answer the counts of the complaint other than counts B and C. The cause was tried upon the issues thus presented, resulting in a judgment and verdict for the defendant, from which plaintiff has prosecuted this appeal.

It is first insisted that the court committed error in overruling the demurrer to the pleas of contributory negligence to the complaint other than the wanton counts. As we understand these pleas they substantially conform to those presented for consideration on the former appeal in this cause, and we think that ruling suffices as an answer to the contention now made.

Plaintiff was what is known as "top filler," and his place of work was upon a platform at or near the top of the furnace stack, which was about 60 feet in height. It was his duty to place what is known as the "stock" into the furnace, where it is melted. This stock frequently becomes clogged in the furnace, and when it slips down, if the air is not cut off, and the gas does not sufficiently escape through the "explosive doors" and "down comer," an explosion will be produced. The plaintiff's theory is that while he was upon this platform an explosion occurred, and he was enveloped in flames, being burned and receiving other injuries as the result; that the furnace stack was defective, and that the superintendent was also guilty of negligence. The particular defects for the purposes of this appeal need not be detained.

The theory of the pleas of contributory negligence was that the plaintiff was at a safe place, and had he remained there he would not have been injured; but he left his place of work, where he was safe, running down the stairway, and received the injuries as the result of his negligence. Upon this question of fact the evidence was in sharp conflict; the plaintiff insisting his injuries were received while upon the platform at the top of the furnace.

[1, 2] Plea 6 was held good, as setting up the defense of assumption of risk as to counts B and C. It is well understood that the employé is deemed to have assumed all risks naturally and reasonably incident to his employment; that is, he assumes the ordinary risk of the employment. Labatt on Master and Servant, vol. 1, § 259 et seq. He does not, however, assume a risk created by the employer's negligence (A. G. S. v. Brooks, 135 Ala. 401, 33 South. 181; Standard Steel Co. v. Clifton, 194 Ala. 300, 69 South. 937); and the danger must have been obvious to or understood by the employé (Southern Ry. v. Howell, 135 Ala. 639, 34 South. 6; 5 Mayf. Digest 639).

[3] We are of the opinion that plea 6 fails to sufficiently show that the risk therein set up was an ordinary risk, or one which was normally incident to the employment; for aught that appears the frequent occurrence of these explosions, with the dangers incident thereto, may have been due to some negligent conduct on the part of the employer. There were appropriate assignments of demurrer taking the point, which we think should have been sustained. There was therefore error in this ruling of the court.

Plea 7 differs somewhat in its phraseology from plea 6, and we are inclined to the view that the language used may suffice to come within the rule, a question, however, which we do not decide, as the sufficiency of these pleas was not discussed in brief of counsel for appellee, and the cause must be reversed, when the same may be given more minute consideration.

[4] As we read the evidence of witness Wilson, he was of the opinion that plaintiff's place of work upon the platform was a safe place, and had he remained there he would not have been injured. We are of the opinion the court properly gave the affirmative charge upon count I which rested for recovery upon the wanton conduct of said Wilson as superintendent. The plaintiff was permitted to show, upon cross-examination of the witness for the defendant, that subsequent to the action the cast iron barrier had been placed between the explosive doors and the stairway, and he therefore received the full benefit of that which he sought to show by the question, seeking to elicit this fact from another witness, objection to which was sustained, and there is nothing in this assignment of error of which plaintiff can complain.

[5] The court gave at the request of the defendant a charge in writing to the effect, if after due consideration of all the evidence in the case the jury is in confusion as to the issues drawn, they cannot find a verdict for the plaintiff. This charge has been condemned, and held properly refused. Batson v. Alexander City Bank, 179 Ala. 490, 60 South. 313; A. G. S. v. Robinson, 183 Ala. 265, 62 South. 813. But in Hoffman v. B. R., L. & P. Co., 194 Ala. 30, 69 South. 551, it was held that, while the charge was misleading, and could well have been refused, yet as it could have been explained by countercharge, the court will not be reversed for giving it.

[6] The court gave at the defendant's request a charge in writing to the effect that if the jury find from the evidence that the evidence of plaintiff preponderated in his favor, you cannot find a verdict for plaintiff, unless such evidence is sufficient to satisfy the minds of the jury that plaintiff should recover. The giving of this charge was reversible error, as it requires too high a degree of proof, in that it requires the plaintiff to *satisfy* the jury when it was only necessary to *reasonably* satisfy their minds. This objectionable feature was emphasized by the preceding language of the charge in reference to the evidence of plaintiff preponderating in his favor, from which the jury could infer that, notwithstanding the preponderance of the evidence in favor of plaintiff, he was not entitled to recover, unless the evidence was sufficient to satisfy the minds of the jury. The case of Lawrence v. Ala. State Land Co., 144 Ala. 524, 41 South. 612, is directly in point. See, also, Hackney v. Perry, 152 Ala. 626, 44 South. 1029; A. G. S. v. Robinson, supra.

There appears no necessity for a treatment of the few remaining questions, as what

has been said will suffice for another trial of the cause.

For the errors indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.