## REED v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.

### No. 83.

Circuit Court of Appeals, Second Circuit.

Nov. 10, 1941.

John A. Millener, of Rochester, N. Y. (E. Whitney Dillon, of Columbus, Ohio, of counsel), for appellant.

D. Mordecai Greenberg, of Rochester, N. Y., for appellee.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

This is an action upon a fraternal benefit certificate of insurance, which was removed from the Supreme Court of the State of New York in the County of Monroe on the ground of diverse citizenship. The case has been twice tried to a jury. In the first trial a verdict for the plaintiff was set aside by the trial judge. Upon the second trial the plaintiff again prevailed and judgment was entered upon the verdict.

■ The defendant's constitution, which the insurance certificate incorporates, provides "This Order shall not be liable to any person * * * for any accident (fatal or otherwise) to a member who is in any degree under the influence of or in consequence of having been under the influence of intoxicating liquor."

The insured met his death as a result of injuries sustained in an accident to the automobile in which he was riding. The accident occurred about 12:40 A. M. on December 13, 1939. The sole issue raised by the defendant's answer is that the insured was under the influence of intoxicating liquor at the time. To sustain its defense the defendant offered in evidence a portion of the decedent's case record in the hospital to which he was admitted in an unconscious condition at 1:10 A. M. on the morning of the accident. The record was produced pursuant to subpoena and was properly identified as a record kept by the hospital in the ordinary and usual course of its business. The portion offered in evidence read as follows: "Was reacting very well—still apparently well under influence of alcohol." It was signed by Dr. T. W. Smith, who was the doctor on emergency duty at the hospital when Reed was admitted and whose signature to the record was properly proved. The offered evidence was excluded by the district judge on the ground that it "is not a record of the act, transaction or occurrence, but is an observation of the doctor, who admitted the patient to the hospital." In so ruling we think the trial judge committed error. That a hospital record of the attending doctor's diagnosis of a patient's condition is competent evidence is no longer open to question in this court. Ulm v. Moore-McCormack Lines, 2 Cir., 115 F.2d 492; cf. Hunter v. Derby Foods, Inc., 2 Cir., 110 F.2d 970, 133 A.L.R. 255. It is an "act, transaction, occurrence, or event" within the meaning of the statute, 28 U.S.C.A. § 695. In our opinion the attempted distinction between a diagnosis and an "observation" based on the patient's appearance is without substance; the surgeon's statement that the patient is "apparently well under influence of alcohol", seems to be as much a diagnosis of his existing condition as would a statement that the patient appears to have a fractured skull. No doubt the plaintiff could have insisted upon having the whole of the hospital record put in evidence but there was no specific objection that only part was offered. It was error to exclude the proffered portion and it is impossible to say that the exclusion was not prejudicial. The jury might have given more credence to the recorded diagnosis of the attending doctor than they were willing to give to the testimony of witnesses who testified to Reed's drinking during the evening preceding the accident.

■ The trial judge reserved until after verdict the defendant's motion for a directed verdict, and we are now asked to dispose of the case finally. Although the

evidence that Reed was in some degree under the influence of alcohol would seem on this printed record most persuasive, the credibility of one of the principal witnesses was subjected to attack and some witnesses for the plaintiff testified that he was not "intoxicated" at times shortly before the accident. Hence we do not feel at liberty to hold that no jury question was presented. But the error in excluding the hospital record requires that the judgment be reversed and the cause remanded for a new trial. It is so ordered.