75 So.2d 117

**Archie B. BAILEY**

v.

**TENNESSEE COAL, IRON and RAILROAD COMPANY.**

**6 Div. 342.**

Supreme Court of Alabama.

Oct. 7, 1954.

D. G. Ewing, Birmingham, and Lipscomb & Brobston, Bessemer, for appellant.

Burr, McKamy, Moore & Tate, Greye Tate, Birmingham, for appellee.

GOODWYN, Justice.

Action by employee, appellant here, against his employer, appellee, claiming damages for a silicotic condition allegedly contracted and aggravated as a proximate consequence of his employment in appellee's underground iron ore mines. The complaint consists of one count and charges a violation of the common law duty of the defendant "to exercise due and reasonable care to furnish and provide the plaintiff with a reasonably safe place in which to perform his duties" as an employee of the defendant. The specific dereliction charged is that plaintiff's working places "were not sufficiently or adequately ventilated or * * * dampened or wetted down so as to free, rid, carry, force, or drive from said places the said silica dust and small silica particles (which plaintiff was compelled or caused to breathe and inhale therein) or to sufficiently or adequately allay or settle in said places the said silica dust and small silica particles". It is averred that the plaintiff contracted silicosis from breathing and inhaling said silica dust and particles while working in defendant's Number 4 Muscoda Mine during the periods of January 16, 1937, to April 29, 1944, and February 28, 1946, to May 21, 1949, and that during the period of July 12, 1949, to June 30, 1950, while employed in defendant's Number 6 Muscoda Mine, his condition grew "progressively worse as a result of the almost continuous breathing and inhaling of said dust and particles during and throughout said period".

The suit was filed on July 12, 1950. Defendant's plea was in short by consent. The evidence was in conflict as to the conditions of employment and the extent of dust to which the defendant was exposed. A jury verdict was rendered in favor of defendant. Plaintiff's motion for a new trial having been overruled, he brought this appeal.

There are twenty-two assignments of error. However, our discussion will be limited to assignments 8, 11, 12, 13, 14, 16 and 22, which are the only ones insisted on. Except for assignment 22, they all involve the giving of written charges requested by the defendant. Assignment 22 claims error in the admission of testimony concerning a hospital record of the plaintiff. Our conclusion is that no error to reverse is presented.

### Assignments 8, 11, and 12.

These assignments bring into question the following charges:

"2. I charge you that if you are reasonably satisfied from the evidence in this case that the defendant used reasonable care to furnish the plaintiff a

safe place to work, then you cannot return a verdict against the defendant.

"4. I charge you that if you are reasonably satisfied from the evidence in this case that the plaintiff's working place was reasonably safe, and the defendant had no reason to anticipate that the plaintiff would be injuriously affected by dust, then you cannot return a verdict against the defendant.

"5. I charge you that if you are reasonably satisfied from the evidence in this case that the defendant in the exercise of reasonable care, had no reason to anticipate or foresee that the plaintiff would be injuriously affected by dust at his working place, then you cannot return a verdict against this defendant."

The criticism directed to these charges is that they ignore issues in the case, viz.: whether the employer violated the provisions of Code 1940, Tit. 26, § 12; whether the employer violated Rule 24 adopted by the Board of Appeals for the Department of Industrial Relations on January 21, 1942, and revised on October 30, 1942; and whether the employer violated a duty to warn the employee of latent dangers. The complaint, however, does not charge such violations. It charges only a violation of the common law duty of the employer to furnish the employee with a reasonably safe place in which to work. And that was the issue in the case. These charges were appropriate to that issue.

### Assignment 13.

This assignment relates to the giving of defendant's written charge 12, which is as follows:

"12. I charge you that if you are reasonably satisfied from the evidence in this case, that the plaintiff had knowledge of the danger of breathing iron ore dust, which said dust was necessarily incident to the mining of iron ore, and with such knowledge continued in the employment of the defendant as an iron ore miner, he assumed the risk of said employment, and you should not return a verdict against this defendant."

It is to be noted that this charge does not direct a verdict or require a finding by the jury but merely seeks to state the rule as to assumption of risk. The evidence was without dispute that iron ore dust was necessarily incident to the mining of the iron ore. The usual statement of the general rule as to assumption of risk under the common law is that "a servant assumes all the ordinary risks which are incidental to his employment". Bierley v. Shelby Iron Co., 208 Ala. 25, 27, 93 So. 829; Louisville & N. R. Co. v. Wright, 202 Ala. 255, 256, 80 So. 93; Boggs v. Alabama Consolidated Coal & Iron Company, 167 Ala. 251, 253, 52 So. 878. It is thus stated in Louisville & N. R. Co. v. Wright, supra:

"The servant or employe assumes the risks necessarily incident to his employment, for such risks cannot be obviated by the master or employer; but this statement, though not infrequently met, does not express the full meaning of the rule, the more approved statement of which (aside from the requirements of those cases in which the servant is incapable of appreciating the hazards to which he is exposed) is that 'a servant assumes all the ordinary risks which are incidental to his employment.' 1 Labatt, § 259, notes. And that risk is an ordinary one which remains after the master has exercised reasonable care for the safety of his servant."

The trial judge instructed the jury in his oral charge, to which no exception was taken, that "ordinarily and under ordinary circumstances an employee would not assume the risk that might arise from the negligence of the employer." If appellant had desired that the jury be given in writing a full expression of the rule of assumption of risk insofar as it involved the duty of the employer to exercise reasonable care for the safety of the servant, he should have requested an explanatory charge to that effect. Hoffman v. Birmingham Railway, Light & Power Co., 194 Ala. 30, 35, 69 So. 551; Varnon v. Nabors, 189 Ala. 464, 471,

66 So. 593; Bierley v. Shelby Iron Co., supra. Charge 12 might well have been refused as misleading, but reversible error cannot be predicated on the giving of it.

### Assignment 14.

■ This assignment involves the giving of charge 15, as follows:

"15. I charge you that if you are reasonably satisfied from the evidence in this case that the negligence of the plaintiff in and about the performance of his duties as a head miner proximately contributed to cause his alleged injuries, then you cannot reutrn a verdict against this defendant."

The insistence is that this charge assumes negligence on the part of the plaintiff and that the giving of it was reversible error, citing in support Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553, Elder v. Ralls Sanitarium, Inc., 219 Ala. 298, 122 So. 41, and Western Steel Car & Foundry Co. v. Cunningham, 158 Ala. 369, 48 So. 109. These cases hold simply that it was proper to refuse such a charge, not that the giving of it would constitute reversible error. When considering a similar argument in the case of Williams v. Wicker, 235 Ala. 348, 352, 179 So. 250, 253, this court said:

"Nor do we consider that the use of the word 'the' preceding negligence in the charge in any manner misled the jury into an understanding that negligence of Williams was assumed, but if thought misleading plaintiff could have asked an explanatory charge. Whether its use would have justified its refusal is a different matter, not here necessary to discuss."

We do not find reversible error in the giving of this charge.

### Assignment 16.

■ Defendant's requested charge 6 reads as follows:

"I charge you that the defendant was under no duty to furnish the newest, best and most modern appliances and places to work, but it was only required to furnish such as were ordinarily furnished by persons engaged in the reasonably prudent operation of iron ore mines in this vicinity and under like or similar circumstances."

The insistence is that, there being no evidence as to how other mines were operated, it was error "to instruct hypothetically on a state of facts when there is no evidence to establish them". That the charge was abstract, and might well have been refused on that ground, is not questioned. However, the fact that a given charge is abstract is not available as reversible error unless it affirmatively appears from the record that the charge worked injury to the complaining party; such party's remedy being to request an explanatory charge. Tennessee Coal, Iron & R. Co. v. Williamson, 164 Ala. 54, 57, 51 So. 144; Jones v. Williams, 108 Ala. 282, 284, 19 So. 317; Jones, Alabama Jury Instructions, Vol. 1, Chap. 2, §§ 51–57. We cannot say, from a consideration of the entire record, that the giving of this charge was so misleading as to constitute error to reverse.

### Assignment 22.

■■ Doctor Hankins, a physician connected with defendant company's hospital, was permitted, over plaintiff's objection, to read in evidence a hospital record, later received in evidence without objection, containing a clinical report or diagnosis by Doctor Russakoff, a consultant at the hospital in chest diseases. Doctor Hankins testified that the record was kept on all patients and retained as part of the hospital's permanent records and that such records were kept in the usual course of the business of the hospital. The witness testified that he was present when Doctor Russakoff examined the stereoscopic X-ray films of appellant's chest and that there was an entry in the clinical record of the patient on January 18, 1950, signed by Doctor Russakoff which showed that his review of the films was made on January 17, 1950. Appellant insists that it was error—a violation of the hearsay rule—to receive evidence of the diagnosis made by Doctor Russakoff, who did not testify. Our view is that, under the provisions of Code 1940, Tit. 7, § 415 such evidence was properly received. Metropoli-

tan Life Ins. Co. v. Fox, Ala.App., 64 So.2d 122, 134, 135,[1] certiorari denied 258 Ala. 579, 64 So.2d 135. This conclusion finds support in the case of Reed v. Order of United Commercial Travelers, 2 Cir., 123 F.2d 252, 253. There under consideration was a federal statute, 28 U.S.C.A. § 695 (now 28 U.S.C.A. § 1732, as amended Aug. 28, 1951, 65 Stat. 206), similar to § 415, Tit. 7, supra. It was there said:

> "That a hospital record of the attending doctor's diagnosis of a patient's condition is competent evidence is no longer open to question in this court. * * * It is an 'act, transaction, occurrence, or event' within the meaning of the statute, 28 U.S.C.A. § 695."

Although the authorities from other jurisdictions are not of one accord on the subject, the position which we have taken is supported by the following, among others: Norwood v. Great American Indemnity Co., 3 Cir., 146 F.2d 797; People v. Kohlmeyer, 284 N.Y. 366, 31 N.E.2d 490, 492; Scott v. James Gibbons Co., 192 Md. 319, 64 A.2d 117, 122; Platt v. John Hancock Mutual Life Insurance Co., 361 Pa. 652, 66 A.2d 266; Weis v. Weis, 147 Ohio St. 416, 72 N.E.2d 245, 169 A.L.R. 668; McDowd v. Pig'n Whistle Corporation, 26 Cal.2d 696, 160 P.2d 797, 799.

If there was error in permitting Doctor Russakoff's diagnosis to be read from the hospital record prior to the introduction of the record itself, any such error was cured by the subsequent introduction of the record. Spain v. State, Ala.App., 68 So.2d 53, 55,[2] certiorari denied 259 Ala. 606, 68 So.2d 58. The principle is thus stated in Lockett v. State, 218 Ala. 40, 43, 117 So. 457, 459:

> "If evidence is admitted without required preliminary proof, if followed by such proof or predicate, the error is cured."

The judgment appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.

1. 37 Ala.App. 31.

2. 37 Ala.App. 311.