J. C. HENDERSON, Appellant,

v.

UNITED STATES of America,
Appellee.

UNITED STATES of America,
Appellant,

v.

J. C. HENDERSON, Appellee.

No. 20416.

United States Court of Appeals
Fifth Circuit.

Feb. 27, 1964.

J. N. Mullins, Jr., J. Hubert Farmer, Dothan, Ala., for appellant.

Ben Hardeman, U. S. Atty., Rodney G. Steele, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES and WISDOM,* Circuit Judges.

RIVES, Circuit Judge.

In this action brought under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., plaintiff, a civilian, allegedly received his injuries at Fort Rucker, Alabama, when a half-ton truck driven by an agent of the United States backed into him on June 18, 1961. The district court held that the United States was guilty of negligence in the operation of the truck. It ruled that at the time of the accident the plaintiff was suffering from an osteoarthritic condition in his lower lumbar spine and sacrum area which manifested itself by spur formations in his cervical and lumbar spine areas and by a degeneration of the lumbar spine and sacrum discs. The court found that this pre-existing condition was aggravated as a proximate consequence of the negligence of the United States on June 18, 1961, and that this condition was further aggravated on or about September 12, 1961, without fault or negligence on the part of the United States. This later injury occurred when the plaintiff was sitting on the floor working on an airplane and pushed himself up; at that time he suffered a sudden back pain, and he has been in severe pain ever since. The court held that the pre-existing condition as aggravated by the two incidents has resulted in a total disability of 20 per cent. The court awarded plaintiff $5,000 as damages.

■ The plaintiff complains that the amount of damages awarded is inadequate. His principal contention is that the district court erroneously found that he was suffering from a pre-existing osteoarthritic condition in the lower back. In actions brought under the Federal Tort Claims Act, as in other actions tried without a jury, the scope of appellate review as to findings of fact is limited by the "clearly erroneous" standard prescribed by Rule 52(a) of the Federal Rules of Civil Procedure.[1]

We hold that the finding of the pre-existing disease was not clearly erroneous. Dr. Louis Hazouri testified that when he operated on the plaintiff for a ruptured disc on October 19, 1961, he found on the disc large, hardened spurs which had been present for a relatively long duration, "most likely longer than months." Thus, he discovered evidence that the disc operated on was the subject of a degenerative disc disease, even though prior X-rays had shown no advance osteoarthritic changes in the lower spine and only mild changes in the neck. It is true that when Dr. Hazouri had previously filled out the Surgeon's Report he had stated the plaintiff's disability rating of 20 per cent was as a result of "the alleged accident of June 18, 1961," and was not attributable to any prior or subsequent injury. However, the doctor later testified that at the time

---

* The third Judge constituting the Court became ill before argument was heard, and the case is decided by a quorum. 28 U.S.C.A. § 46(c).

1. See, e. g., Hubsch v. United States, 5 Cir. 1949, 174 F.2d 7, 8, appeal dismissed, 340 U.S. 804, 71 S.Ct. 35, 95 L.Ed. 590; United States v. Fotopulos, 9 Cir. 1950, 180 F.2d 631, 634; McConville v. United States, 2 Cir. 1952, 197 F.2d 680, 683, cert. den'd, 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679; Landon v. United States, 2 Cir. 1952, 197 F.2d 128, 130.

he filled out the report he had been informed of only one injury, the one received by the plaintiff in September, and that it was this injury to which he was referring. Dr. Scott, who examined the plaintiff on November 29, 1961, stated that X-rays revealed no changes in plaintiff's lower spine which would be unusual for a man of his age. However, the doctor did see evidence of mild changes caused by osteoarthritis and stated that such changes would account for the plaintiff's continued pain after the operation. On examining the same X-rays, Dr. Budden also found only minimal changes in the lower spine; but he did find moderate to severe osteoarthritic changes in plaintiff's lower neck and stated that such changes usually are not limited to the neck, but might also be found throughout the spine. Dr. Windham had examined the plaintiff's back in December 1959 and had discovered some osteoarthritic changes in the neck, but no abnormalities in the lower spine.

■ Taking the evidence as a whole, it cannot be said that it was clearly erroneous for the district court to find that plaintiff had a pre-existing disease in his lower lumbar spine and sacrum area. The court might well have placed more reliance on the doctor who operated on the spine than on those who merely studied it by X-ray or external examination.

■■ It is the law in Alabama that when one person negligently injures another so as to aggravate a pre-existing condition, the negligent actor is liable for all injuries proximately resulting therefrom even though a normal person's injuries would have been much less severe.[2] This is in agreement with the general rule applied elsewhere.[3] In fixing damages proximately caused by the negligence, the trier of facts must determine whether or not the pre-existing disease was a mere latent tendency; for, if it was more than a latent tendency, the recovery is confined to those injuries which are due to its enhancement or aggravation, and does not include injuries which result from the original condition.[4] The trier must also determine whether or not the pre-existing condition was bound to worsen, in which event an appropriate discount should be made for the damages that would have been suffered even in the absence of the defendant's negligence.[5]

■■ The crucial factor in this case, however, is the additional aggravation which occurred in September. It is a general rule that where there is a subsequent injury, either by way of an aggravation of the injuries already received or by a distinct accident, the wrongdoer is held liable for the entire damage if the second injury is found to be a sequence or natural result likely to flow from the original injury; but if the subsequent event is attributable to a distinct intervening cause, the wrongdoer is held to be liable only for the original injury.[6] Here the district court found that in September the osteoarthritic condition was further aggravated "with-

2. See Newton v. Altman, 227 Ala. 465, 150 So. 698, 700 (1933) ; Louisville & N. R. R. Co. v. Wright, 202 Ala. 255, 80 So. 93 (1918) ; Montgomery & E. Ry. Co. v. Mallette, 92 Ala. 209, 9 So. 363, 366 (1891) ; Louisville & N. R. R. Co. v. Jones, 83 Ala. 376, 3 So. 902 (1888) ; Seaboard Air Line Ry. Co. v. Standifer, 190 Ala. 260, 67 So. 391, 392 (1914) (dictum).

3. See, e. g., Evans v. S. J. Groves & Sons Co., 2 Cir. 1963, 315 F.2d 335 (excellent discussion by Friendly, J) ; United States Fidelity Co. v. United States, 2 Cir. 1945, 152 F.2d 46, 49 (aggravation of pre-existing spine condition, opinion by

L. Hand, J.) ; Wabash R. R. Co. v. Mathew, 1905, 199 U.S. 605, 26 S.Ct. 752, 50 L.Ed. 329, aff'g per curiam 115 Mo.App. 468, 78 S.W. 271 (1903) ; Restatement, Torts § 461 (1934) ; 15 Am. Jur. Damages §§ 80–81 (1938) ; 25 C.J.S. Damages § 21 (1941) ; 65 C.J.S. Negligence § 134 (1950).

4. See 15 Am.Jur. Damages §§ 80–81 (1938).

5. Evans v. S. J. Groves & Sons Co., supra n. 3.

6. Underwood v. Smith, 261 Ala. 181, 73 So.2d 717 (1954) ; Restatement, Torts §. 459 (1934).

out fault or negligence on the part of the United States." We take this finding to mean that there was no causal relationship between the aggravation in June and the event in September. The plaintiff suffered little or no pain in his back immediately after the accident on June 18. Although he did experience some pain beginning in early July, the plaintiff's pain did not become severe and disabling until September. There was expert testimony that if trauma were the cause of the ruptured disc, the pain and rupture would usually occur immediately after the trauma. In any event, the experts were not able to say whether the rupture was caused by the degenerative disease, the trauma, or a combination of both. The district court, after weighing the evidence as a whole, apparently concluded that the aggravation caused by the negligence of the United States was not a contributing factor to the injuries occurring in September. We cannot say that this conclusion was clearly erroneous.

The district court merely stated that the plaintiff is entitled to recover $5,000 as damages. It did not break down the award into its component elements nor indicate the per cent of disability, if any, attributable to the June 18 accident. It is not clear just how complete a trial judge's findings as to damages must be in order to comply with Rule 52(a) Fed.R.Civ.P.[7] In the instant case, no objection has been made as to the sufficiency of the findings. The award of damages in this case involved the evaluation of a number of factors, and as to the relative importance of each, the record furnishes few clues. The use of the single, aggregate figure does not seriously impair this Court's review of the sufficiency of the award. In such circumstances, a remand for further findings is unwarranted.

The award of $5,000 as damages for the aggravation proximately caused by the negligence of the United States is not clearly insufficient. The judgment is

Affirmed.

7. Compare Alexander v. Nash-Kelvinator Corp., 2 Cir. 1958, 261 F.2d 187, with United States v. Pendergrast, 4 Cir. 1957, 241 F.2d 687. See also, Hatahley v. United States, 1956, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065; United States v. Jacobs, 5 Cir. 1962, 308 F.2d 906, 907; George v. United States, 7 Cir. 1961, 295 F.2d 310; United States v. Horsfall, 10 Cir. 1959, 270 F.2d 107; Ginsberg v. Royal Ins. Co., 5 Cir. 1950, 179 F.2d 152.