ADAMS, Justice.
W.C. Management appeals from a judgment based oh a jury verdict in favor of Edward Flippo in the amount of $45,000. The sole issue on appeal is whether the trial court erred to reversal in refusing to admit a photocopy of a laboratory report into evidence. We hold that it did not; therefore, we affirm.
In 1982, Edward Flippo sold 1,800 tons of coal to W. C. Management, Inc. The coal was shipped by Flippo to W. C. Management, which had coal samples drawn from the coal shipment by a representative of Precision Testing. The Precision Testing representative then took the samples to the Precision Testing laboratory in Adamsville for testing as to the grade and quality of the coal. The laboratory results indicated that Flippo’s coal was of poor quality, and he received no payment therefor. He sued for the contract price.
During the trial the only evidence offered regarding the testing of the coal and the laboratory results of those tests was a photocopy of the laboratory report from Precision Testing Laboratory, Inc., which W. C. Management contends it maintained in its offices as a business document. There was no attempt by the parties to offer the original laboratory report, or to explain the absence thereof.
The business records exception is used to admit items made and kept during the regular course of business.
“Any writing made as a record of an act, transaction, occurrence, or event is admissible to prove the act, transaction, occurrence, or event if it was made in the regular course of business at the time of the act, transaction, occurrence, or event, or within a reasonable time thereafter. Rule 44(h), A.R.Civ.P.; see C. Gamble, McElroy’s Alabama Evidence, § 254.01 (3d ed. 1977).
“The rule does not require that the person who made the entry be the witness who lays the foundation for the introduction of the record into evidence. See Bailey v. Tennessee Coal, Iron & Railroad Co., 261 Ala. 526, 530-531, 75 So.2d 117, 120-121 (1954); Mahone v. Birmingham Electric Co., 261 Ala. 132, 135-136, 73 So.2d 378, 380-381 (1954). Any witness who knows the method used in the business of making records of the kind in question and knows that it was the regular practice of the business to make such records at the time of the *584 event in question or within a specified reasonable time thereafter is competent to lay the foundation by testifying that the exhibit is such a record. Austin v. State, 354 So.2d 40, 42 (Ala.Civ.App.1977); C. Gamble, McElroy’s Alabama Evidence, § 2554.01(3) (3d ed. 1977).”
Ikner v. Miller, 477 So.2d 387, 390 (Ala.1985). W.C. Management contends that the photocopy of the laboratory report conducted by an outside firm constituted business records that should have been admitted into evidence by the trial judge. We disagree. First, W.C. Management did not perform the tests and reach the test results “in house.” Instead, the testing was done by Precision Testing, and the results of the testing were determined in Adamsville, Alabama. Although W.C. Management may have maintained a copy of the test results in its files, W.C. Management did not make the writing it is asking us to allow it to introduce as a business record. There is no way that W.C. Management could have offered testimony of one of its employees regarding how the particular tests were run at Precision Testing or the method used by Precision Testing in documenting the test results. The fact that a document “made in the regular course of business” is a photocopy does not affect the admissibility of the business record, see W.C. Management Co. v. Lanningham, 472 So.2d 1065, 1066 (Ala.Civ.App.1985) (quoting Rule 44(h), A.R.Civ.P.); however, we conclude that the laboratory results offered by W.C. Management were not “business records.” Therefore, we conclude that the trial judge did not abuse his discretion in refusing to admit the photocopy of the laboratory results offered by W.C. Management.
The judgment, therefor, is hereby affirmed.
AFFIRMED.
MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.